R. H. & P. E. GATLIN v. J. II. HARRELL and wife.

*Deceit in Sale of Land—Damages—Sufficient Cause of Action.*

In an action for damages for deceit practiced in the sale of some land, the proof was that the defendant pointed out some lines and boundaries some of which were not true, and said a survey showed a certain number of acres. There was no proof that defendants knew they were untrue or intended to deceive plaintiff, or that the survey did not show the alleged number of acres: *Held,* the action could not be maintained.

This was a CIVIL ACTION, tried at Fall Term, 1890, of EDGECOMBE Superior Court, by *Whitaker, J.*

Its purpose was to recover damages occasioned by the alleged fraud and deceit of the defendants perpetrated upon the *feme* plaintiff in the sale to her of the tract of land mentioned in the complaint. The pleadings raised issues of fact.

The only evidence produced on the trial was as follows:

R. H. Gatlin, for plaintiff: "Bought land from John H. Harrell, the defendant, about 27th of July, 1888; before the time, he was to see me two or three times in regard to it; he described the land to me. I walked down the canal with him and he pointed out to me a corner between him and his brother George Harrell; he said the other corner was a pine stump on the road near an old steam-mill; before that time he pointed out two ·trees—a pine and a maple—on the line between him and Fred Boyett; these were the lines of the land he sold me; he gave me an obligation to make title upon payment of purchase-money, and he made a deed; before deed was made he also showed me another corner, on the west of this tract, or, in other words, the corner between him and Boyett; he also showed me some line-trees between him and his brother George, the corner on the road from Tarboro to Goose Nest; Boyett's land on the south of this corner; land since sold me by Boyett on the west; he said the tract had been surveyed and contained 115 acres. These corners and lines pointed out to me were not the true corners and lines, except the line on the east side of his land between him and George Harrell." Deed from John H. Harrell and Martha E. Harrell to Penelope E. Gatlin, dated 29th August, 1888, B. 65, p. 400, introduced. Grant of 640 acres land, John Smith, dated March 1st, 1780, introduced. Deed from John Smith to Blake B. Wiggins, dated 26th January, 1785, introduced. Deed from Blake B. Wiggins and wife to John Burnett, 19th February, 1782, introduced. Deed from John Burnett to Thomas Bryan, 26th September, 1805, introduced. Deed from John Burnett to Arthur Staton, April, 1798, introduced. Deed from John Burnett to Wm. Jones, B. 8, p. 72,

Edgecombe Record introduced. Here, in answer to a question from the Court, and before plaintiffs had closed their case, it was admitted that the deed from John H. Harrell and Martha E. Harrell to Penelope E. Gatlin, dated 22d August, 1888, was taken by grantees in execution of previous contract to convey land as pointed out to them by grantors. It thereupon was suggested by the Court that plaintiffs could not recover in this action. The plaintiffs submitted to a nonsuit and appealed to the Supreme Court.

*Mr. G. M. T. Fountain* (by brief), for plaintiff.
*Mr. R. H. Battle,* for defendant.

MERRIMON, C. J.: The gist, and largely the substance, of the plaintiff's alleged cause of action consists in the false and fraudulent representations of the defendants to the *feme* plaintiff, in which she confided and on which she acted, as to the lines, corner and line-trees and the quantity of the tract of land they sold and conveyed to her as alleged. The defendants in their answer broadly and much in detail denied the material allegations of the complaint. No question was raised before or on the trial as to whether the plaintiffs alleged, or sufficiently alleged, a good cause of action, as their counsel now seems to suppose. The nonsuit was not founded upon such ground, certainly so far as appears. The plaintiffs produced such evidence as they could, or saw fit to do, and thereupon the Court intimated the opinion that they could not recover, and they submitted to a judgment of nonsuit, as they might do.

We think the suggestion of the Court was well founded. The whole of the evidence accepted as true did not in any reasonable view of it prove the alleged fraud and deceit. The proof was that the defendants pointed out to the plaintiff certain corners and line-trees and lines of the tract so sold, and that these or some of them were not the true ones; but there

is nothing to prove that the defendants knew that they were not the true ones, nor that they fraudulently intended to mislead, deceive and get advantage of the *feme* plaintiff. The proof further was that the defendants "said the tract had been surveyed and contained one hundred and fifteen acres." There was nothing to prove that it had not been surveyed, or that it did not contain that quantity. The mere fact that the defendants pointed out corners and lines not the true ones, could not of itself prove fraud and deceit, especially in the total absence of proof that the tract conveyed did not contain the quantity of land specified in the deed as "containing one hundred and fifteen acres, more or less." Indeed, there was no proof, so far as appears, as to the quantity of land the defendants contracted to sell to the *feme* plaintiff, or what quantity they conveyed, otherwise than as shown by the deed put in evidence.

There was no proof to sustain the material allegations of the complaint. In the absence of such proof, it is obvious the plaintiffs could not recover, and the Court hence properly intimated that they could not. There must be *probata* as well as *allegata*.

Judgment affirmed.