NANNIE J. ALEXANDER et al, heirs at law of A. M. Alexander, deceased, EX PARTE.

(Decided May 24, 1898).

*Judicial Sale of Land—Purchaser of—Notice of Occupant's Equity—Easement.*

1. The fact that a railroad was in actual operation over a tract of land at the time of a judicial sale of the land, was sufficient notice to the purchaser of the occupant's equity or easement, and made it his duty to enquire for information,

2. On the hearing of a motion on a notice to show cause why judgment should not be rendered against the purchaser of land at a judicial sale for the balance of the purchase money, to which the respondents had answered that a railroad ran through the land and claimed to own 100 feet on either side of its main track, which greatly reduced, as was alleged, the value of the land, it was not error to refuse to submit an issue as to the title of the railroad company when there was no evidence of any title except the grant of a privilege to construct a road on so much of the land as the company had a right to condemn under its charter.

CIVIL ACTION heard before *Brown, J.*, at March Term, 1897, of BUNCOMBE Superior Court on a motion (after notice to show cause, &c.), for judgment against J. A. Gwaltney and another, for the balance due on notes given by them for the purchase of land at a judicial sale.

The defendants made answer substantially as set out in the opinion, and at the hearing the defendant Gwaltney requested the Court to make an order directing that the Southern Railway Company and the Western Carolina Railroad Company be made parties to the proceeding, upon the ground that the said companies claimed to own the land in question, and evidence was brought to the attention of the Court to show the claim of the railroad companies, but his Honor declined to order the

companies to be brought in as parties. The defendant, Gwaltney, then requested issues to be submitted as follows :

1. Is the Western North Carolina Railroad Company the owner of any part of the land bid for by the defendant, and, if so, what part?

2. What is the value of the part owned by the said railroad company?

3. What is the value of that part not owned by said railroad company?

5. Did the commissioners appointed to sell the land in question offer to sell the purchaser a good title?

6. Did the purchaser, Gwaltney, bid for and buy said land under the impression that he would get a good title?

At the close of the evidence, his Honor withdrew the issues from the jury, saying that no title or right in the railroad company had been shown, and gave judgment for the plaintiff, from which the defendant, Gwaltney, appealed.

*Messrs. J. M. Gudger, Jr.*, and *Tucker & Murphy* for defendant Gwaltney, (appellant.)

*Messrs. Davidson & Jones* and *F. A. Sondley*, for plaintiffs.

Faircloth, C. J.: The appellant Gwaltney and one Shepard, were the purchasers at a judicial sale of land for division in an *ex parte* proceeding, brought by the heirs of A. M. Alexander. The purchasers paid 10 per cent. cash and gave four notes for the balance payable 1, 2, 3 and 4 years after date of sale, which was on February 14, 1891. The purchasers entered into possession, made some improvements, received the rents

and profits and made another payment on the purchase price, and appellant bought the interest of his co-purchaser Shepard. The land sold lies on the west bank of the French Broad River in Buncombe county at Alexander's station. Upon notice to the purchasers to show cause why judgment should not be entered against them for balance due on said land notes, they answered on August 15, 1894, (1) That at the sale it was represented by the commissioner to sell, by petitioners counsel and the auctioneer, that the railroad had no title, except the actual road-bed covered by the cross-ties, about 8 feet, and that the purchaser would get a good title, except the space covered by said road-bed and cross-ties, and that they bid with that understanding. On the trial it was admitted by the respondents " that there were no false or fraudulent representations made by the commissioner or his attorney to deceive purchasers." This admission takes this defence out of the case.

2nd. Defence : That the Western N. C. Railroad runs through the most valuable part of said land along the river shore, and said road claims to own 100 feet on either side of the main track, which greatly reduces the value of the land purchased by respondents.

The proofs establish these facts.: that the railroad was constructed about 1881, and that its charter grants an easement of 100 feet on either side of its track —that by deed dated June 16, 1869, registered February 28th, 1891, A. M. Alexander, petitioner's father, granted said road the right and privilege to lay out and construct its road ·at their pleasure on *so much and no more* of his lands, as said company would have the right to condemn for the use of said company, under its charter. At the date of the sale the railroad was in actual operation over said land, with a depot station thereon,

and these facts were well known to the purchasers. The charter of the road and Alexander's deed conveyed only an *easement* in the premises without any title in the soil, and if the road should be discontinued the purchasers would have an absolute title without encumbrance to the possession.

The appellee's counsel filed with us an interesting brief to show that, upon equitable principles and authority, the respondent is entitled to no relief, by reason of his silence, long delay in complaining of any supposed injustice, and continued possession even until payment was demanded, etc. We find it unnecessary to take up those questions. The fact of actual possession by the railroad at the date of the sale and purchase is undisputed, and that is sufficient notice to a purchaser of the occupant's equity and makes it his duty to inquire for information. *Johnson* v. *Houser*, 88 N. C., 388. In *Edwards* v. *Thompson*, 71 N. C., 177, this rule prevailed against a non-resident who had no knowledge of any equity in another, except that which was inferred from open possession, which was also unknown to the plaintiff. The court held, that open possession was a fact of which a purchaser must inform himself, and he is conclusively presumed to do so. Later cases are to the same effect. His Honor properly declined to submit issues as to the title of the railroad company, as there was no evidence of such title except the privilege derived from Alexander's deed, which could not support a plea of title. It only pointed to the right of possession, which was admitted and known to the purchaser.

We discover no error in the trial. Judgment affirmed.

Affirmed.