E. A. GOODMAN AND L. G. GOODMAN v. JOHN D. HEILIG, ADMINISTRATOR OF A. S. HEILIG AND B. H. HAMILTON.

(Filed 15 November, 1911.)

1. North Carolina Railroad—Location—Judicial Notice—Rights of Way—Powers.

The courts will take judicial notice of the fact that the North Carolina Railroad is a great public highway, running from Goldsboro to Charlotte through Rowan County; that it belongs to a *quasi*-public corporation chartered in 1849 by an act of the General Assembly, having full power of eminent domain, with provision that where land is not condemned for a right of way within a certain time, the corporation acquires a right of way 100 feet on each side the center of the track.

2. Railroads—Easement—Fee—Reverter.

A railroad corporation does not acquire the fee simple to the land covered by its right of way, but only an easement therein, which would revert to the owner of the fee relieved of the burden of the easement should the railroad be discontinued.

3. Deeds and Conveyances—Warranty—Breach—Railroads—Easements—Notice—Pleadings—Demurrer.

A purchaser of lands upon which the right of way of the North Carolina Railroad partially lies is fixed with notice of the easement, and is presumed to have taken it into consideration in the terms of purchase; therefore, when an action is based solely upon a covenant of warranty in a deed which does not exclude therefrom an easement of the said railroad company in the lands conveyed, this easement will not be construed as a breach of the warranty, and a demurrer to the complaint solely on that ground will be sustained.

APPEAL from *Lyon, J.,* at May Term, 1911, of ROWAN.

Civil action to recover damages for breach of covenant against encumbrances contained in a deed from A. S. Heilig to W. J. and Julia Crowell, and on a deed from B. H. Hamilton, grantee of Crowell, to plaintiffs. The covenants are practically the same in both deeds. The encumbrance is charged in these words: "but such portion of said land was at the time of the execution of said deeds, and has been ever since, owned by the North Carolina Railroad Company as a right of way." The defendants' demurrer sets out six grounds. It

is necessary to consider only one, viz.: "That plaintiffs' complaint does not state facts sufficient to constitute a cause of action, in that, as a question of law, the use and occupation of a portion of the lands described in the complaint, as a right of way, by the North Carolina Railroad Company under its charter pursuant to the acts of the Legislature of 1849, was constructive notice of said company's right of way, and does not constitute a breach of warranty or covenant on the part of defendants. That as a matter of law, the right of way alleged to be claimed by the North Carolina Railroad Company does not constitute any valid encumbrance upon the title of plaintiffs nor any breach of the covenants of warranty and seizin, as alleged by the plaintiffs."

The demurrer was sustained by his Honor, *Judge Lyon,* at May Term, 1911, of the Superior Court of Rowan County, and plaintiffs appealed.

*J. L. Randleman, Jerome & Price for plaintiffs.*
*John S. Henderson, R. Lee Wright, and P. S. Carlton for defendants.*

BROWN, J. We take judicial notice of the fact that the North Carolina Railroad is a great public highway, running from Goldsboro to Charlotte through Rowan County. It belongs to a *quasi*-public corporation chartered in 1849 by an act of the General Assembly that gives the corporation full power of eminent domain and provides that where land is not condemned for a right of way within a certain time, the corporation acquires 100 feet on each side of the center of the track. The road has been in actual operation since 1853. It was admitted upon the argument that the road is now being double tracked, and the injury set up in the complaint is the construction of a "fill" upon a small part of the right of way upon which the additional track is laid. Plaintiffs claim that the boundaries of the deed take in some part of the right of way.

We are of opinion with his Honor that the demurrer should be sustained.

The railroad corporation has not acquired the fee simple to the land covered by its right of way, but only an easement in it. If the railroad should be discontinued the land would revert to the owner of the fee. relieved of the burden of the easement, and the owner would then have an absolute title without encumbrance.

While this easement may be in one sense an encumbrance or burden upon the fee, it is in this particular case such an encumbrance as a purchaser has knowledge of and is bound to take into consideration before purchasing. The railroad right of way is a great public highway of which all persons must take notice, and as said by *Kennedy, J.,* in *Patterson v. Arthurs,* 9 Watts Penn., 152: "It is fair to presume that every purchaser, before he closes his contract for his purchase of land, has seen it and made himself acquainted with its locality and the state and condition of it; and consequently, if there be a public road or highway open or in use upon it, he must be taken to have seen it, and to have fixed in his own mind the price he was willing to give for the land with reference to the road."

In *Hymes v. Estey,* 116 N. Y., 505, *Justice Bradley* says: "It must be deemed the settled doctrine in this State that the fact that part of the land conveyed with covenant of warranty was at the time of conveyance a highway, and used as such, is not a breach of the covenant. This is so for the reason that the grantee must be presumed to have known of the existence of the public easement, and purchased upon a consideration in reference to the situation in that respect."

To same effect are *Whitbeck v. Cook,* 15 Johns. N. Y., 483; *Huyck v. Andrews,* 113 N. Y., 85; *Wilson v. Cochran,* 46 Penn. St., 229; *Jordan v. Eve,* 72 Va., 1; *Pomeroy v. R. R. Co.,* 25 Wis., 644; *Pick v. Hydraulic Co.,* 27 Wis., 443; *Trice v. Kayton,* 84 Va., 219-220, citing and approving *Jordan v. Eve;* *Des Verges v. Willis,* 56 Ga., 515.

In *Kutz v. McCune,* 22 Wis., 628, the Supreme Court of Wisconsin says: "That such a right does not constitute a breach of the covenant of seizin, see Rawls on Covenants, 83, 142. It may have been an encumbrance. But there is a principle rec-

ognized by adjudged cases, and resting upon sound reason and policy, which holds that purchasers of property obviously and notoriously subjected at the time to some right of easement or servitude affecting its physical condition, take it subject to such right without any express exceptions in the conveyance, and that the vendors are not liable on their covenants by reason of its existence. This principle has been applied in the case of a highway opened and in use upon the land at the time of the conveyance. Rawls on Covenants, 141 *et seq.*"

There are a few adjudications looking to the contrary, especially in Indiana, where the rule is different. But the great weight of authority, we think, concurs with our own precedents. The point was considered in *Ex parte Alexander,* 122 N. C., 727, and this Court held that "The fact that a railroad was in actual operation over a tract of land at the time of the sale of the land was sufficient notice to the purchaser of the occupant's equity or easement, and made it his duty to inquire for information."

While the point was not squarely presented or decided in the more recent case of *Tise v. Whitaker,* 144 N. C., 515, *Mr. Justice Hoke* recognizes the rule as we have here laid it down, and refers to it in these words: "The weight of authority is to the effect that, when the existence of a public right of way over land is fully known at the time of the purchase and acceptance of a deed for the land, its existence is no breach of the covenant of warranty, and there are well-considered decisions to the effect that such an easement is not a breach of the covenant against encumbrances. The parties are taken to have contracted with reference to the existence of a burden of which they are fully aware."

When the plaintiffs purchased the land they knew of the existence of the railroad and its right of way running over a portion of the land, and they are conclusively presumed to have purchased with reference to it.

The action cannot be maintained. The judgment sustaining the demurrer is

Affirmed.