Waters v. Phosphate Corp.

PAUL R. WATERS AND WIFE, ALMA M. WATERS, AND WACHOVIA BANK AND TRUST COMPANY, N.A., TRUSTEE UNDER THE WILL OF JAMES A. TINGLE, DECEASED V. NORTH CAROLINA PHOSPHATE CORPORATION, DAVID B. ALLEMAN AND WIFE, RUTH G. ALLEMAN AND ELIZABETH KEYS ALLEMAN WHEELER (DIVORCED)

No. 803SC401

(Filed 6 January 1981)

**1. Vendor and Purchaser § 5— action to compel purchase of property — ketable title**

In an action to compel the corporate defendant to purchase property from plaintiffs in accordance with the parties' purchase contract, there was no merit to defendant's contention that the trial court was correct in granting its motion for directed verdict because plaintiffs' title was unmarketable on the date of the closing due to the presence of a reverter clause in the deed from plaintiffs' predecessor since it had been judicially determined that the language in the deed from plaintiffs' predecessor was insufficient to create a condition subsequent with a right of reentry.

**2. Vendor and Purchaser § 4— action to compel purchase of property — easement not satisfactory to defendant — jury question**

In an action to compel the corporate defendant to purchase property from plaintiffs in accordance with the parties' purchase contract where defendant alleged that a utility easement across the subject property constituted an encumbrance not satisfactory to it and rendered plaintiffs' title unmarketable, the question of whether the utility easement was of a visible, open and notorious nature was a question of fact for the jury to decide based on the evidence presented at trial; if the easement was found by the jury to be a visible easement, defendant would be deemed to have entered the contract to convey intending to take subject to the easement and defendant could not assert the easement as a reason to refuse to perform the contract; and it was therefore error for the trial court to grant defendant's motion for a directed verdict on this ground.

**3. Vendor and Purchaser § 4— action to compel purchase of land — unsatisfactory encumbrance on land — directed verdict improper**

In an action to compel corporate defendant to purchase property from plaintiffs in accordance with the parties' purchase contract where defendant alleged that a judgment creating a canal corporation created a lien on the subject property which constituted an encumbrance unsatisfactory to it and rendered plaintiffs' title unmarketable, the trial court erred in directing verdict in defendant's favor on this ground, since the judgment creating a canal corporation was not entered into evidence at trial; there was no indication in the record on appeal that the trial court took judicial notice of the judgment; a copy of the judgment was not included in the record on appeal; and there was thus no evidence of a canal constituting an encumbrance on the subject property.

APPEAL by plaintiffs from *Fountain, Judge.* Judgment entered 17 December 1979 in Superior Court, PAMLICO County. Heard in the

Court of Appeals 16 October 1980.

On 5 June 1950, Elizabeth K. Alleman (now Wheeler) and husband David B. Alleman conveyed the property at issue in this action to plaintiff Paul R. Waters and James A. Tingle, Jr. The deed to Waters and Tingle included the following language immediately after the description:

> Subject to the following covenants and restrictions which will run with and bind the land and will be considered as conditions subsequent with right of reentry on breach; that no timber shall be cut from any of these premises; that no irrigation indebtedness shall be imposed upon this land; that no building shall be removed from the premises without written permission of the parties of the first part hereto.

James A. Tingle, Jr. died on 29 June 1966 and his one-half undivided interest in the subject property was devised under his will to Wachovia Bank and Trust Company, N.A. (Wachovia) as trustee.

On 30 October 1974, plaintiffs Paul R. Waters, the surviving grantee under the Alleman deed, and Wachovia, trustee under the deed of James A. Tingle, Jr., entered into a contract with defendant, North Carolina Phosphate Corporation, under which N.C. Phosphate agreed to buy and the plaintiffs agreed to sell the subject property. The contract provided in pertinent part:

> At the closing, SELLERS shall deliver to the BUYER a properly executed and recordable general warranty deed ... conveying to BUYER an indefeasible fee simple and marketable title to the above described property. It is specifically understood and agreed that this property shall be conveyed subject to no encumbrances not satisfactory to BUYER, and that the same shall convey indefeasible fee simple and marketable title in and to any and all mineral rights within the perimeter of said property.

The closing date agreed upon by the parties was 17 January 1975.

At the time and place set for closing plaintiffs tendered a properly executed and recordable general warranty deed which purported to convey to N. C. Phosphate fee simple title to the subject property. N. C. Phosphate declined the tender of that deed on the grounds that plaintiffs could not convey an unencumbered marketable title to the

property in accordance with the contract. Specifically, N. C. Phosphate expressed concern that the deed from the Allemans created a cloud on the title because it contained language purporting to create a condition subsequent with right of reentry and that the property was subject to an easement in favor of Carolina Power & Light Company (CP&L). CP&L had obtained a judgment in a condemnation action against the plaintiff in 1967 which gave it an easement permitting it to maintain a substantial electrical transmission line across the property, to clear all timber, structures and other things from the right-of-way, to go to and from the right-of-way across the subject property at all times and to do other things necessary for the maintenance of the transmission line.

This action was subsequently commenced on 30 April 1975. The first count of the complaint sought an order compelling N. C. Phosphate to purchase the subject property from the plaintiffs in accordance with the purchase contract, and the second count sought a declaratory judgment that the language in the Alleman deed which is quoted above was not sufficient to create a condition subsequent with right of reentry. The defendants in the action in addition to N. C. Phosphate were David B. Alleman and his new wife, Ruth G. Alleman, and Elizabeth Keys Alleman Wheeler (divorced).

The defendants Elizabeth K. Alleman Wheeler, David B. Alleman and wife, Ruth G. Alleman filed answers and counterclaims alleging that the deed to Tingle and Waters had in fact created a condition subsequent, that there had been a breach of the condition and that the defendants David B. Alleman and Elizabeth K. Alleman Wheeler were entitled to possession of the property. N. C. Phosphate's answer asserted that it had been entitled to refuse to purchase the subject property and that it was entitled to a return of the consideration already paid under the purchase contract because the plaintiffs had failed to tender a good unencumbered, indefeasible, fee simple and marketable title to the property.

On 9 April 1976, the trial judge granted summary judgment in favor of the plaintiffs against the defendants David B. Alleman and wife, Ruth G. Alleman and Elizabeth K. Alleman Wheeler. In an opinion filed on 2 February 1977, this Court affirmed the judgment of Judge Rouse. *Waters v. Phosphate Corp.,* 32 N.C. App. 305, 232 S.E. 2d 275, *disc. rev. denied,* 292 N.C. 470, 233 S.E. 2d 925 (1977).

The action subsequently came on for trial at the 17 December

1979 Session of Superior Court in Pamlico County. The trial judge granted N.C. Phosphate's motion for a directed verdict at the close of the plaintiffs' evidence and plaintiffs appealed. Other pertinent facts are contained in the body of the opinion.

*Gaylord, Singleton & McNally, by Louis W. Gaylord, Jr. and Danny D. McNally and Dixon & Horne by Phillip R. Dixon, for the plaintiffs-appellants.*

*Manning, Fulton & Skinner, by Howard E. Manning and Michael T. Medford and Sumrell, Sugg, Carmichael, Stubbs & Perdue, by Fred M. Carmichael, for the defendants-appellees.*

MARTIN (Robert M.), Judge.

Plaintiffs assign as error the trial judge's granting of defendant's motion for a directed verdict at the close of plaintiffs' evidence. First, plaintiffs argue the trial court erred in granting a directed verdict for defendant because defendant's motion for directed verdict did not state the specific grounds therefor. We note, however, that plaintiffs failed to object at trial to the failure of defendant to state specific grounds for its motion. Plaintiffs, therefore, cannot raise such objection on this appeal. *Pergerson v. Williams,* 9 N.C. App. 512, 176 S.E. 2d 885 (1970). Because defendant failed to state the grounds for its motion adequately, however, we must examine every possible basis for the motion in order to review the question of whether the evidence presented at trial, when considered in the light most favorable to plaintiffs, was sufficient to be submitted to the jury.

In its answer to the plaintiffs' complaint seeking specific performance of the contract of sale, N.C. Phosphate raised several grounds for avoiding the contract. First, N.C. Phosphate alleged that the language following the description in the Alleman-Waters deed was sufficient to create a valid condition subsequent with a right of reentry upon breach, thereby creating a cloud upon the title to the subject property and rendering plaintiffs' title unmarketable. Second, N. C. Phosphate alleged that the CP&L right-of-way and easement across the subject property constituted an encumbrance not satisfactory to it and rendered plaintiffs' title unmarketable. Third, N. C. Phosphate alleged that an 18 July 1960 judgment creating a canal corporation created a lien on the subject property which constituted an encumbrance unsatisfactory to it and rendered plaintiffs' title unmarketable. If true, any one of the above-mentioned grounds would justify the trial court in directing a verdict in N. C. Phosphate's favor.

We will discuss each separately.

**[1]** Defendant argues the trial court was correct in granting its motion for directed verdict because plaintiff's title was unmarketable on the date of closing due to the presence of the reverter clause in the Alleman-Waters deed. It has now been judicially determined that the language in the Alleman-Waters deed was insufficient to create a condition subsequent with a right of reentry because it appeared in the description rather than in the granting or *habendum* clauses. *Waters v. Phosphate Corp.,* 32 N.C. App. 305, 232 S.E. 2d 275, *disc. rev. denied,* 292 N.C. 470, 233 S.E. 2d 925 (1977). In making that determination this Court relied on the Supreme Court's decision of *Whetsell v. Jernigan,* 291 N.C. 128, 229 S.E. 2d 183 (1976), which held that N.C. Gen. Stat. § 39-1.1 does not apply to conveyance executed prior to 1 January 1968 and that the *Artis/Oxendine* rule of construction should be applied to such deeds. *See Oxendine v. Lewis,* 252 N.C. 669, 114 S.E. 2d 706 (1960); *Artis v. Artis,* 228 N.C. 754, 47 S.E. 2d 228 (1948). Although not finally made until over two years after the date set for closing, our decision in the previous appeal of this case precludes us from now holding that the plaintiffs' title was unmarketable as a matter of law on the date of closing due to the "reverter clause." Therefore this was not a proper ground for a directed verdict in defendant's favor in the case *sub judice.*

**[2]** With regard to the CP&L easement, we believe plaintiffs presented sufficient evidence to submit the issue of whether the CP&L easement constituted a visible easement to the jury. If the CP&L easement is found by the jury to be a visible easement, defendant would be deemed to have entered the contract to convey intending to take subject to the easement and defendant could not assert the CP&L easement as a reason to refuse to perform the contract.

> General contracts to convey land, giving a title in fee, or free and clear of all encumbrances, or similar covenants, are generally held not to refer to visible physical burdens upon the land, permanent in character, known to the vendee. In the ordinary case the vendee is presumed to have contracted to accept the land subject to visible easements of an open and notorious nature. . . .

77 Am. Jur. 2d *Vendor and Purchaser,* § 222 at 399 (1975).

> The character of the easement frequently determines whether the easement constitutes a defect in the vendor's

Waters v. Phosphate Corp.

title. Land, even in rural sections, is usually sold subject to some burdens, many of which not only are open and visible, but are beneficial rather than detrimental to the premises as a whole. The rule that a vendee is presumed to have contracted to accept land subject to visible easements of an open and notorious nature is applied by some courts to poles and wires used for telegraph, telephone, or power lines and a purchaser who enters into a contract for the purchase of the land burdened thereby, without objection on this ground, will be regarded as intending to take subject to this easement, and he cannot later object on this score.

*Id.,* § 224 at p. 400.

North Carolina has recognized the doctrine of visible easements in cases involving breaches of the covenants of title in deeds. *Goodman v. Heilig,* 157 N.C. 6, 72 S.E. 866 (1911) (a railroad right-of-way); *Tise v. Whitaker-Harvey Co.,* 144 N.C. 508, 57 S.E. 210 (1907) (a public alley); *Ex Parte Alexander,* 122 N.C. 727, 30 S.E. 336 (1898) (a railroad right-of-way). "[A] public road and a right-of-way of a railroad in operation are not considered encumbrances, it being presumed that a purchase of land through which a road or railway right-of-way runs was made with reference to the road or right-of-way and that the consideration was adjusted accordingly." J. Webster, Real Estate Law in North Carolina § 190 at 224 (1971).

We feel that the rationale of the rule that visible easements do not constitute encumbrances in breach of the covenants of title in a deed is equally applicable to contracts to convey subject to no encumbrances or subject to no encumbrances not satisfactory to the purchaser. Other jurisdictions agree with us. *See* 77 Am. Jur. 2d, *supra,* § 222. The question of whether the CP&L easement in the case *sub judice* was of a visible, open and notorious nature was a question of fact for the jury to decide based on the evidence presented at trial. It was error, therefore, for the trial court to grant defendant's motion for a directed verdict on this ground.

judgment creating a canal corporation pursuant to N.C. Gen. Stat. § 156-43 was not entered into evidence at trial; there is no indication in the record on appeal that the trial court took judicial notice of the judgment; and a copy of the judgment is not included in the record on appeal. Therefore, there is no evidence whatsoever that other landowners had any rights in a canal located on the subject property or that any canal existed on the subject property. Thus there is no evidence of an encumbrance on the subject property in this regard.

For the reasons stated above, we feel that the trial court erred in granting defendant's motion for a directed verdict in its favor. It is unnecessary to discuss plaintiff's other assignments of error regarding certain evidentiary rulings by the trial court as they may not recur at a subsequent trial in this case. The judgment appealed from is

Reversed and remanded.

Chief Judge MORRIS and Judge HEDRICK concur.