ROBERT LEE HAWKS AND WIFE, JUANITA L. HAWKS, (APPELLANTS) v.
DANIEL ARTHUR BRINDLE, AND WIFE, DEBORAH MAE BRINDLE,
(APPELLEES)

No. 8017DC569

(Filed 3 March 1981)

1. **Fraud § 12.1– fraud in sale of land – insufficient evidence**

   Plaintiffs' evidence was insufficient for the jury in an action for fraud in the sale of land where it tended to show that defendants represented to plaintiffs that the tract of land contained 6.75 acres and that the tract actually contained only 2.85 acres which were not subject to a highway right-of-way, but plaintiffs presented no evidence that defendants had any knowledge that the size of the tract was less than 6.75 acres, that the boundaries were not what defendants indicated them to be, or that any portion of the tract was subject to the highway right-of-way.

2. **Deeds § 22– covenant of seisin – highway right-of-way**

   The fact that 3 acres of the 6 acres of land conveyed in fee were subject to a highway right-of-way did not constitute a breach of the covenant of seisin.

3. **Deeds § 24– covenant against encumbrances – highway right-of-way**

   Plaintiffs' evidence was sufficient to go to the jury on a claim for breach of a covenant against encumbrances where it tended to show that approximately 3 acres of a 6-acre tract conveyed by defendants to plaintiffs in fee were subject to a highway right-of-way and that neither plaintiffs nor defendants knew that the tract of land was subject to the highway right-of-way.

APPEAL by plaintiffs from *Martin (Jerry Cash), Judge*. Judgment entered 2 April 1980 in District Court, SURRY County. Heard in the Court of Appeals 8 January 1981.

Plaintiffs bring this action for fraud, unjust enrichment, and breach of warranties arising out of their purchase from defendants of a tract of land near Dobson by general warranty deed. Plaintiffs moved for summary judgment on the breach of warranties issue on the basis of their pleadings and affidavit that tended to show the following:

In August 1978 plaintiffs purchased a tract of land containing a house trailer from defendants for $14,000. Defendant represented to plaintiff that the tract contained 6-3/4 acres. A surveyor was retained subsequent to the sale by defendants, and the survey revealed that the tract contained only 2.85 acres that were not subject to the right-of-way for U.S. Highway 601. Plaintiffs had closed the sale before the survey because defendants needed the money at once to purchase another tract.

Defendant, in showing the property to plaintiff before the sale, had pointed out a site upon which he said he had intended to build a home; but the survey had shown that the site was not even on the defendants' tract. The tract was advertised in a local newspaper as 6-3/4 acres.

Plaintiffs' interrogatories revealed that defendants paid $6,000 for the property in 1974.

Plaintiffs' motion for summary judgment was denied, and defendants then moved for summary judgment on all issues based on their pleadings and an affidavit which tended to show the following:

Defendants had not represented to the plaintiffs that they owned 6-3/4 acres. Plaintiffs had stated that they did not care about the exact acreage but did want to know the boundary lines. Defendants had told plaintiffs that they had not had the property surveyed and did not know the exact location of the boundary lines. Defendant Arthur Brindle pointed out to plaintiff Robert Hawks the boundary lines as shown to him when he had purchased the property. Defendants did not hurry or rush the plaintiffs in completing the transaction. Plaintiffs had had an opportunity to assure themselves of the exact location of the boundary lines and the number of acres. Defendants sold the property in gross for a lump sum and not by the acre. Defendants had been asking $17,000 for the property; plaintiffs had offered "$14,000, no questions asked." Defendants had paid for the survey.

Defendants' motions for summary judgment were denied.

At trial plaintiffs' evidence was that defendants had given plaintiffs a deed which described 6.75 acres of land and which contained warranty clauses. There were no exceptions noted on the deed. The surveyor had found that this tract had once contained 12 acres, but had been divided roughly in half in 1949. The State had put a road and right-of-way through defendants' tract which consumed about 3 acres; the amount of land under the highway itself was about 1/4 acre. Defendant had walked the property with Hawks, pointing out the boundary lines. Brindle had stated that the tract contained 6-3/4 acres and had pointed out a site on which he and his wife had planned to build. Plaintiffs had also planned to build on that site; it was not

included in the tract after the survey. Plaintiffs had wanted a survey, but had agreed to purchase the property first because defendants had an option on another piece of property which was about to run out.

Defendants' motions at the close of plaintiffs' evidence for directed verdicts on unjust enrichment and fraud were allowed; their motion for a directed verdict on breach of the covenant of seisin and the covenant against encumbrances was denied.

Defendants' evidence was that plaintiffs had looked at the land several times. Brindle had pointed out the lay of the land as it had been shown to him and had told Hawks that he had not had the land surveyed and was not sure of the exact boundary lines or of the acreage. Brindle had agreed to have the land surveyed if plaintiffs bought it. Defendants had advertised the property as containing 6-3/4 acres because they thought it contained that many acres. A third party had contacted defendants about the property and had been referred to plaintiffs. Plaintiffs had first refused to sell, then had changed their minds after the survey. They had sold the property for $12,000.00.

Plaintiffs' motion for a directed verdict at the close of all evidence was denied. Defendants' motion for a directed verdict on breach of covenants was granted.

*Richard M. Fawcett for plaintiff appellants.*

*Carl E. Bell for defendant appellees.*

CLARK, Judge.

[1] Plaintiffs assign as error the trial court's granting of a directed verdict for defendants at the close of plaintiffs' evidence on the issue of fraud. A motion for directed verdict raises the question of whether the non-movant has produced enough evidence to go to the jury. The non-movant's evidence must be taken as true and considered in the light most favorable to him, and a directed verdict may be properly granted only if, as a matter of law, the evidence is insufficient to justify a verdict for the non-movant. *See* W. Shuford, N.C. Civ. Prac. & Proc. § 50-5 (1975) and cases cited therein.

To overcome defendants' motion for a directed verdict then, plaintiffs had to produce some evidence of each of the essential

elements of their claim. To get to the jury on the issue of fraud, the plaintiffs needed to produce evidence (1) that defendants made a definite and specific representation to them that was materially false, (2) that defendants made the representation with knowledge of its falsity, and (3) that they reasonably relied on defendants' representation. *Ragsdale v. Kennedy*, 286 N.C. 130, 209 S.E. 2d 494 (1974). We have searched the record and can find nothing in plaintiffs' evidence which tends to prove that at the time of defendant Arthur Brindle's alleged representations to plaintiff Robert Hawks, Brindle had any knowledge that the acreage of the tract was less than 6-3/4 acres; that the boundaries were not what he indicated them, according to his information and belief, to be; or that any portion of the tract was subject to the highway right-of-way. "Erroneous statements made by the vendor in the sale of land as to the location of a boundary are not sufficient, standing alone, to impeach the transaction for fraud." *Tarault v. Seip*, 158 N.C. 363, 368, 74 S.E. 3, 5 (1912). Just as in the earlier case of *Gatlin v. Harrell*, 108 N.C. 485, 13 S.E. 190 (1891),

> "The whole of the evidence accepted as true did not in any reasonable view of it prove the alleged fraud and deceit. The proof was that the defendants pointed out to the plaintiff certain corners and line-trees and lines of the tract so sold, and that these or some of them were not the true ones; but there is nothing to prove that the defendants knew that they were not the true ones, nor that they fraudulently intended to mislead, deceive and get advantage of the ... plaintiff."

*Id.* at 487-88, 13 S.E. at 191. *See also Peyton v. Griffin*, 195 N.C. 685, 687, 143 S.E. 525, 527 (1928). Plaintiffs' evidence is thus insufficient to support a verdict in their favor on the issue of fraud absent some evidence that defendant Arthur Brindle's false representations were made knowingly, and defendants' motion for directed verdict was properly granted.

Plaintiffs assign error to the denial of their motion for summary judgment on the issue of breach of covenants and to the granting of directed verdict for defendants on the same issue. Defendants conveyed the property here in question by general warranty deed, the language of which follows:

"And the grantor covenants that he is seized of said premises in fee, and has the right to convey the same in fee simple; that said premises are free from encumbrances (with the exceptions above stated, if any); and that he will warrant and defend the said title to the same against the lawful claims of all persons whomsoever."

No exceptions are noted in the deed.

Plaintiffs argue that they were entitled to recover as a matter of law for defendants breach of the covenants of seisin and against encumbrances and that defendants were not entitled to judgment as a matter of law so as to support the directed verdict in their favor.

[2] Directed verdict for defendants on the breach of covenant of seisin issue appears properly entered in light of the statements in analogous cases to the effect that "it is generally held that a deed conveying property on which there existed a right of way in the public, conveys the ultimate property in the soil, and therefore there is no breach of the covenant of seizin . . . ." *Tise v. Whitaker-Harvey Co.*, 144 N.C. 508, 515, 57 S.E. 210, 212 (1907). *See also Goodman v. Heilig*, 157 N.C. 6, 8, 72 S.E. 866, 867 (1911) ("such a right does not constitute a breach of the covenant of seizin . . . ." *Citing Kutz v. McCune*, 22 Wis. 628; Rawls on Covenants, 83, 142.) In the case *sub judice*, defendants conveyed to plaintiffs around 6 acres of land in fee. The fact that about 3 acres were subject to the highway right-of-way bears on the covenant against encumbrances rather than the covenant of seisin. By holding that directed verdict for defendants was proper on this issue, we necessarily reject plaintiffs' arguments that they were entitled to summary judgment on this same issue.

[3] We hold that directed verdict for defendants was improperly entered on the issue of whether the highway right-of-way through the tract of land in question constituted an encumbrance sufficient to constitute breach of defendants' covenant against encumbrances. It has been stated that "a public road and a right-of-way of a railroad are not considered encumbrances, it being presumed that a purchase of land through which a road or railway right-of-way runs was made with reference to the road or right-of-way and that the consideration was adjusted accordingly . . . ," J. Webster, Real Estate Law in North

Carolina § 190 (1971); yet our Supreme Court long ago recognized that a right-of-way or easement for a public highway *may* constitute "an encumbrance or burden upon the fee . . . ." *Goodman v. Heilig*, 157 N.C. 6, 8, 72 S.E. 866, 866 (1911) (railroad right-of-way). The rule in North Carolina appears to be that a covenantee may not recover for breach of the covenant against encumbrances where the encumbrance he alleges is a public highway or railroad right-of-way and *either* (1) the covenantee purchased the property with *actual knowledge* that it was subject to the right-of-way or (2) the property was *"obviously and notoriously* subjected at the time to some right of easement or servitude . . . ." *Id.* at 8-9, 72 S.E. at 867. (Emphasis added). In short, the issue is whether the covenantee knew or should have known that the land he bought was subject to a public right-of-way. Once this issue of fact is determined in the affirmative, the covenantee is "conclusively presumed to have purchased with reference to" the right-of-way. *Id.* at 9, 72 S.E. at 867. The cases agree that this conclusive presumption exists only where the issue of the covenantee's actual or putative knowledge (based on the notoriety of the right-of-way) is already resolved, *see id.* ("When the plaintiffs purchased the land they *knew of the existence* of the railroad and its right of way running over a portion of the land . . . ."; (emphasis added); *Tise v. Whitaker-Harvey Co.*, 144 N.C. 508, 515, 57 S.E. 210, 212 (1907) ("The parties are taken to have contracted with reference to the existence of a burden of which *they were fully aware.*" (emphasis added) ); Ex Parte Alexander, 122 N.C. 727, 729, 30 S.E. 336, 336 (1898) ("At the date of the sale the railroad was in actual operation over the said land, with a depot station thereon, and *these facts were well known* to the purchasers." (emphasis added) ); and where the issue has not been resolved there exists a genuine issue of material fact for the jury. *Waters v. Phosphate Corp.*, 50 N.C. App. 252, 273 S.E. 2d 517 (1981).

In the case *sub judice* there is no evidence that either plaintiff or defendant knew that the tract of land was subject to the highway right-of-way. The tract as described in the deed was almost in the shape of an isosceles triangle, with the base at the south and the east side bordering on Fisher River. Plaintiffs' evidence tended to show that defendant represented that the southeast corner of the tract was located at the intersection of the northern right-of-way line and the west edge of Fisher

River, and that the tract included a desirable building site. However, it does not appear that these representations were made falsely with intent to defraud. Both parties agreed that a survey would be made after the land sale was completed. The survey revealed that the southeast corner was not located as represented but was some several hundred feet south of the north right-of-way line, which placed a substantial part of the base of the triangular-shaped tract within the right-of-way and left only 2.85 acres unencumbered by the right-of-way. It appeared there was a mutual mistake of fact as to the location of the tract. However, plaintiffs did not elect to seek a rescission based on mistake of fact; instead they brought this action to recover damages. Since a part of the tract as surveyed was located within the highway right-of-way, we conclude that the evidence was sufficient to go to the jury on plaintiffs' claim for breach of the covenant against encumbrances, and that the directed verdict on this claim was improvidently entered.

Professor Webster proposes the following rule of recovery for breach of the covenant against encumbrances:

> "While there are no North Carolina cases establishing the point, if the encumbrance consists of a servitude on the land that cannot be extinguished, as in the case of an easement where the holder refuses to release it, the general view is that the diminution in value of the estate by reason of the encumbrance can be recovered; in other words, the measure of damages would be the difference between the value of the land without the encumbrance and its value as it is conveyed subject to the encumbrance."

J. Webster, Real Estate Law in North Carolina § 191 (1971), *citing* Burby, Real Property § 127 (1965) and Cribbet, Principles of the Law of Property 212 (1962).

The directed verdict on plaintiffs' claim for unjust enrichment was properly allowed since this claim is based on the equitable principle of restitution, and plaintiffs have an adequate remedy at law based on the breach of the covenant against encumbrances. *See Insurance Co. v. Guilford County,* 225 N.C. 293, 34 S.E. 2d 430 (1945); *Johnson v. Stevenson,* 269 N.C. 200, 152 S.E. 2d 214 (1967); *Development Co. v. County of Wilson,* 44 N.C. App. 469, 261 S.E. 2d 275, *appeal dismissed,* 299 N.C. 735, 267 S.E. 2d 660 (1980).

The order appealed from is affirmed, except for that portion which directed verdict for defendants on the issue of breach of the covenant against encumbrances, which is reversed and remanded.

Affirmed in part; Reversed and Remanded in part.

Judges HEDRICK and MARTIN (Robert M.) concur.