PHILLIP NELSON McKNIGHT v. WILLIAM CAGLE

No. 8416DC1107

(Filed 16 July 1985)

1. **Deeds § 22— covenant of seisin—property less than stated amount—property within public rights of way**

    Evidence that the property conveyed did not contain "1.1 acres, more or less" as stated at the conclusion of the metes and bounds description in a warranty deed did not establish a breach of the covenant of seisin. Nor did the fact that a portion of the property conveyed by the deed was within the rights of way of two public roads adjoining the property establish a breach of the covenant of seisin.

**2. Deeds § 24— covenant against encumbrances—highway right of way**

A right of way or easement for a public highway may constitute an encumbrance sufficient to amount to a breach of the covenant against encumbrances where the purchaser has no actual or constructive knowledge of the encumbrance at the time of the purchase.

**3. Deeds § 24.2— covenant against encumbrances—knowledge by purchaser—necessity for findings**

Plaintiff's claim for breach of the covenant against encumbrances because the tract conveyed was subject to the rights of way of two public roads must be remanded for findings of fact as to whether plaintiff knew or should have known, at the time of purchase, that the tract was subject to the rights of way of either or both of the state roads.

APPEAL by plaintiff from *McLean, Judge.* Judgment entered 31 May 1984 in District Court, SCOTLAND County. Heard in the Court of Appeals 14 May 1985.

Plaintiff brought this action seeking rescission of a deed and money damages, alleging a breach of the warranties contained in the deed. Defendant answered, admitting the execution of the warranty deed, but denying a breach of the warranties.

Plaintiff moved for summary judgment on the basis of the pleadings, discovery and an affidavit from a land surveyor. The relevant portion of these materials tended to show that on 15 August 1980, plaintiff and defendant entered into a contract, through a realtor, pursuant to which defendant agreed to sell to plaintiff a parcel of property described therein as "NW corner of 1427 and 1407, a triangle track [sic] 165 × 325 × 416" for $2,500.00. The numbers 1427 and 1407 refer to state roads; State Road 1427 is also known as Lee's Mill Road and State Road 1407 is also known as Maxton-Wagram Highway. By deed dated 5 September 1980, defendant conveyed plaintiff the tract of land, which was described as follows:

> This is a triangle track [sic]; a lot of land located on the West side of Lumber River about 1600 feet West of the McGirt's Bridge and particular described as BEGINNING at an iron stake on the South side of Lee's Mill Road 30 feet from center line McIntyre's Corner; thence North 4 degrees 15 minutes East 325 feet to the Maxton and Wagram highway road to a stake 30 feet West of center line; thence along the said road on the West side in a Southeast direction 416 feet

to a stake; thence North 88 degrees West 165 feet to the BEGINNING, *containing 1.1 acre more or less.* [Emphasis supplied.]

The deed contained the following covenants:

And the party of the first part does covenant that he is seized of said premises in fee, and has the right to convey the same in fee simple; that the same are free from all encumbrances; and that he will forever warrant and defend the title hereby conveyed against the lawful claims of all persons whomsoever.

There were no exceptions noted in the deed. Subsequent to the sale, a surveyor was employed by plaintiff and his survey revealed that the description did not geometrically close and that a portion of the property was located in the right of way of State Roads 1407 and 1427. The description in the deed, if forced to close, would contain approximately 0.62 acres; only 0.40 acres were not subject to the rights of way for the two state roads.

Plaintiff's motion for summary judgment was denied. The case was tried before the District Court, sitting without a jury. Additional evidence presented by the plaintiff at trial tended to show that plaintiff had not obtained a survey before purchasing the tract, nor had he obtained a title examination or mathematically computed the acreage from the dimensions contained in the contract and deed. He inspected the property with the realtor; all of the land which he observed was included within the description in the deed. The only difference in appearance between the time of his inspection and the time of the survey was that one of the roads had been paved. It is not clear from the evidence which road was unpaved at the time of plaintiff's inspection. Plaintiff had bought the land in order to place his mobile home on it. Approximately eight months after purchasing the property, plaintiff learned that the portion remaining after subtraction of the rights of way was of insufficient size to permit the installation of a well and septic tank.

At the close of the plaintiff's evidence, defendant's motion for involuntary dismissal pursuant to G.S. 1A-1, Rule 41(b) was allowed. The court found facts as provided by G.S. 1A-1, Rule 52(a), and found *inter alia*:

. . .

2. By the terms of this written contract the plaintiff agreed to purchase from the defendant and the defendant agreed to sell to the plaintiff a tract described as a triangular tract, 165 × 325 × 416, NW corner of 1427 and 1407; street address, intersection of 1427 and 1407, Spring Hill Township, Scotland County, North Carolina, at a purchase price of $2,500.00.

3. The terms of the contract required the defendant to convey to the plaintiff the property by general warranty deed at closing. No mention was made in this contract of any warranty by the seller/defendant of the quantity of land to be conveyed. Pursuant to the terms of the contract the land was purchased in gross for a lump sum.

. . .

10. The general warranty deed transferring the property contained no warranty by the defendant as to the amount of acreage described. The land conveyed was described by metes and bounds and with reference to known and locatable points of a permanent character, namely two highways. After the metes and bounds description the deed contained a general reference to the quantity as being 1.1 acres, more or less.

. . .

13. The tract conveyed, a portion of which is subject to the rights-of-way of the State Roads referred to in the deed, contains about six-tenths (.6) or seven-tenths (.7) of an acre, and this amount is not an excessive or gross deficiency in acreage.

The court concluded:

1. Where land is sold and bought for a lump sum, as is the case in the matter at bar, then quantity is not generally the essence of the contract and the parties take the risk of deficiency or excess in the absence of actual fraud or gross deficiency, neither of which were alleged or proven here.

2. There are no implied covenants with respect to title quantity and encumbrances in the sale of real estate and

where, as here, there are no specific warranties as to quantity, a purchaser has no right to complain if there is a discrepancy between the number of acres recited in a clause following the metes and bounds description and the number of acres that is actually contained in the described tract. . . .

3. That based upon the allegations of the complaint and the evidence presented at trial, this plaintiff has no cause of action on the matters complained of herein as to this defendant.

Judgment was entered for defendant. Plaintiff appealed the denial of his motion for summary judgment and the entry of judgment dismissing his claim.

*Lumbee River Legal Services, Inc., by William L. Davis, III, for plaintiff appellant.*

*Johnston and McIlwain, P.A., by Edward H. Johnston, Jr., for defendant appellee.*

MARTIN, Judge.

We must determine two questions which arise on the record before us. First, we must determine whether the trial court erred in denying plaintiff's motion for summary judgment. We hold that it did not. Second, we must determine whether the trial court erred by entering a judgment dismissing all of plaintiff's claims at the close of his evidence. Because we find that the trial court properly resolved one of plaintiff's claims against him, but failed to address the other, we affirm in part and reverse in part, remanding for determination of the unresolved issue.

[1] Plaintiff contends that he was entitled to summary judgment in his favor because the uncontroverted evidence before the court, at the hearing on the motion, disclosed that the description in the warranty deed specified that the parcel conveyed contained "1.1 acres, more or less" when in fact the parcel conveyed contained only 0.62 acres, some of which was located in the public right of way. Plaintiff asserts that this evidence establishes, as a matter of law, a breach of the covenant of seisin. We disagree.

The covenant of seisin is a covenant of title and right to convey. *Pridgen v. Long*, 177 N.C. 189, 98 S.E. 451 (1919). Plaintiff did

not allege that defendant had no right to convey the property described in the deed. His contention is simply that the property conveyed did not contain the quantity of land as stated at the conclusion of the metes and bounds description in the deed. Such a showing does not establish a breach of the covenant of seisin.

> In the absence of allegation and evidence tending to correct the deed for mistake, etc., these ordinary covenants in assurance of the title attach to the land conveyed in the deed, and not otherwise. And the authorities apposite are decisive to the effect that where real property is conveyed by metes and bounds *the quantity of land and the obligations of the deed concerning it are in no way affected by the addition of the words "containing so many acres, more or less."* [Citations omitted.]

*Evans v. Davis*, 186 N.C. 41, 45, 118 S.E. 845, 847 (1923) (emphasis supplied). Plaintiff did not allege a mutual mistake, nor did he allege any misrepresentation by defendant or his real estate agent as to the quantity of land which he was shown. In the absence of allegations and proof of fraudulent misrepresentation as to the quantity of the land to be conveyed, the general rule is:

> "Where the land is sold in bulk for a lump sum, then quantity is not generally of the essence of the contract and the parties take the risk of deficiency or excess, except in cases where there is actual fraud" or gross deficiency.

*Queen v. Sisk*, 238 N.C. 389, 391, 78 S.E. 2d 152, 154 (1953), *quoting* 8 Thompson, Real Property, Perm. Ed., sec. 4580.

Neither does the fact that a portion of the property conveyed by defendant's deed was within the rights of way of the public roads adjoining the property establish a breach of the covenant of seisin so as to entitle plaintiff to summary judgment in his favor.

> [I]t is generally held that a deed conveying property on which there existed a right of way in the public, conveys the ultimate property in the soil, and therefore there is no breach of the covenant of seisin . . . .

*Hawks v. Brindle*, 51 N.C. App. 19, 23, 275 S.E. 2d 277, 280 (1981), *quoting Tise v. Whitaker-Harvey Co.*, 144 N.C. 508, 515, 57 S.E. 210, 212 (1907).

Having determined that the trial court did not err in denying plaintiff's motion for summary judgment, we must next determine whether it was error for the court to enter judgment for defendant, pursuant to G.S. 1A-1, Rule 41(b), at the close of plaintiff's evidence. A motion for dismissal pursuant to Rule 41(b), made at the close of plaintiff's evidence in a non-jury trial, not only tests the sufficiency of plaintiff's proof to show a right to relief, but also provides a procedure whereby the judge may weigh the evidence, determine the facts, and render judgment on the merits against the plaintiff, even though the plaintiff may have made out a *prima facie* case. *O'Grady v. Bank*, 296 N.C. 212, 250 S.E. 2d 587 (1978); *Helms v. Rea*, 282 N.C. 610, 194 S.E. 2d 1 (1973). As a fact-finder, however, the trial judge must find the facts on all issues raised by the pleadings, and state his conclusions of law based thereon, in order that an appellate court may determine from the record the basis of his decision. *Coble v. Coble*, 300 N.C. 708, 268 S.E. 2d 185 (1980); *Helms v. Rea, supra*. The findings of fact are conclusive on appeal if supported by competent evidence. *Williams v. Liles*, 31 N.C. App. 345, 229 S.E. 2d 215 (1976).

In the case *sub judice*, the trial judge found, upon supporting evidence, that the lot was sold to plaintiff in gross for a lump sum, that no fraud on the part of defendant was alleged or proven, and that there was no gross deficiency in the actual size of the tract as opposed to that called for in the deed. Upon those findings, the court properly ruled that plaintiff had shown no right to relief by virtue of defendant's alleged breach of the covenant of seisin. That portion of the trial court's judgment is affirmed.

However, plaintiff alleged not only a breach of the covenant of seisin, but a breach of the covenant against encumbrances as well. The evidence showed, and the court found, that a portion of the tract as described in the deed was subject to the rights of way of two state roads; indeed, the first call in the description is located on the opposite side of State Road 1427 (Lee's Mill Road) from the usable portion of the tract. No reservation for either right of way was contained in the deed. Plaintiff testified that although he inspected the property before his purchase, the extent of the right of way was not apparent to him because one of the roads had not been paved at the time of his inspection.

[2]   In North Carolina, a right of way or easement for a public highway may constitute an encumbrance sufficient to amount to a breach of the covenant against encumbrances where the purchaser has no actual or constructive knowledge of the encumbrance at the time of the purchase.

> The rule in North Carolina appears to be that a covenantee may not recover for breach of the covenant against encumbrances where the encumbrance he alleges is a public highway or railroad right of way and *either* (1) the covenantee purchased the property with *actual knowledge* that it was subject to the right-of-way or (2) the property was "*obviously and notoriously* subjected at the time to some right of easement or servitude . . . ." [Citation omitted.] In short, the issue is whether the covenantee knew or should have known that the land he bought was subject to a public right-of-way. Once this issue of fact is determined in the affirmative, the covenantee is "conclusively presumed to have purchased with reference to" the right-of-way. [Citation omitted.]

*Hawks v. Brindle, supra* at 24, 275 S.E. 2d at 281, *quoting Goodman v. Heilig,* 157 N.C. 6, 8-9, 72 S.E. 866, 867 (1911) (original emphasis).

[3]   The issue of whether one or both of the highway rights of way over portions of the property constituted an encumbrance sufficient to amount to a breach of defendant's covenant against encumbrances was raised by the pleadings and the evidence. Thus, it was the duty of the trial court to resolve the issue by appropriate findings of fact as to whether plaintiff knew or should have known, at the time of purchase, that the tract was subject to the rights of way of either or both of the state roads. The findings of fact do not address this issue. Accordingly, we must remand this case to the District Court for resolution of plaintiff's claim for breach of the covenant against encumbrances.

In the event that the court, upon proper findings, determines that defendant breached the covenant against encumbrances, plaintiff would be entitled to recover "the difference between the value of the land without the encumbrance and its value as it is conveyed subject to the encumbrance." *Hawks v. Brindle, supra*

at 25, 275 S.E. 2d at 281, *quoting* J. Webster, Real Estate Law in North Carolina, § 191 (1971).

In summary, we affirm the trial court's denial of plaintiff's motion for summary judgment and that portion of the judgment dismissing plaintiff's claim for breach of the covenant of seisin. For the reasons stated, we reverse that portion of the judgment dismissing plaintiff's claim for breach of the covenant against encumbrances and remand the case to the trial court for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

Judges ARNOLD and PARKER concur.