**VERNON v. LOWE**

[148 N.C. App. 694 (2002)]

BEULAH VERNON, Plaintiff-Appellant v. MICHAEL LOWE and BRENDA LOWE, Defendant-Appellees

No. COA00-1171

(Filed 19 February 2002)

**Civil Procedure— motion to dismiss—directed verdict—involuntary dismissal**

The trial court did not err by granting defendants' motion to dismiss plaintiff's claim for damages in an action to quiet title to the pertinent tract of land even though plaintiff contends the trial court's order was similar to a directed verdict, meaning the evidence should be viewed in the light most favorable to plaintiff, because: (1) defendants' motion is correctly treated as a motion for involuntary dismissal under N.C.G.S. § 1A-1, Rule 41(b) when there is a trial by the court sitting without a jury; and (2) the function of a judge under Rule 41(b) is to evaluate the evidence without any limitations as to inferences in favor of plaintiff.

Judge TIMMONS-GOODSON dissenting.

Appeal by plaintiff from order entered 31 March 2000 by Judge Peter M. McHugh in Superior Court, Rockingham County. Heard in the Court of Appeals 28 September 2001.

*Craig M. Blitzer, for plaintiff-appellant.*

*No brief filed by defendant-appellees.*

McGEE, Judge.

Plaintiff filed an action against defendants to quiet title to a tract of land located in Madison, North Carolina. Plaintiff and defendants claimed ownership of the property through separate quitclaim deeds. Plaintiff also alleged she was entitled to recover from defendants for trespass upon the property, cutting timber thereon, and removing the timber.

In a pretrial conference, plaintiff and defendants stipulated that the following issues were to be determined by the trial court:

(1) Is the plaintiff the owner in fee simple of the real property described in the complaint? (2) Was the entry by the defendant[s] upon the real property described in the complaint trespass as

alleged in the complaint? (3) Have the defendants removed good and valuable timber from the lands of the plaintiff as alleged in the complaint? and, (4) If so, what amount of damages, if any, is the plaintiff entitled to recover of the defendants?

At the close of the evidence, defendants moved to dismiss plaintiff's claim for damages, arguing plaintiff had only offered evidence of the chain of title as to a portion of the land listed in the complaint, described at trial as "Lot 7," but had not presented evidence concerning an adjoining .14 acre tract. After determining plaintiff had in fact only offered evidence pertaining to "Lot 7," and not the .14 acre tract of land adjoining "Lot 7," the trial court dismissed plaintiff's entire claim. Plaintiff appeals.

Plaintiff argues the trial court erred in dismissing her claim to quiet title because the court failed to view the evidence in the light most favorable to plaintiff. Plaintiff contends the trial court's order was similar to a directed verdict and is therefore subject to the standard of review requiring the evidence to be considered in the light most favorable to the non-moving party. Plaintiff argues if she produces "more than a scintilla of evidence," her claim will survive a motion to dismiss. *Poore v. Swan Quarter Farms*, 94 N.C. App. 530, 533, 380 S.E.2d 577, 578 (1989), *disc. review denied*, 326 N.C. 50, 389 S.E.2d 93, 94 (1990).

However, defendants' motion is correctly treated as a motion for involuntary dismissal pursuant to N.C. Gen. Stat. § 1A-1, Rule 41(b) (1999). "Where there is a trial by the court, sitting without a jury, the appropriate motion by which a defendant may test the sufficiency of plaintiff's evidence to show a right to relief is a motion for involuntary dismissal." *Mashburn v. First Investors Corp.*, 102 N.C. App. 560, 561-62, 402 S.E.2d 860, 861 (1991). The difference between a motion for a directed verdict and a motion for involuntary dismissal "is more than a mere formality, as a different test is to be applied to determine the sufficiency of the evidence." *Id.* at 562, 402 S.E.2d at 861. In a Rule 41(b) motion, "the court must pass upon whether the evidence is sufficient as a matter of law to permit a recovery; and if so, must pass upon the weight and credibility of the evidence upon which plaintiff must rely in order to recover." *A.M.E. Zion Church v. Union Chapel A.M.E. Zion Church*, 64 N.C. App. 391, 409, 308 S.E.2d 73, 825 (1983), *disc. review denied*, 310 N.C. 308, 312 S.E.2d 649 (1984). "Since the court will determine the facts anyway, the function of a judge . . . under G.S. 1A-1, Rule 41(b) is to evaluate the evidence without any limitations as to inferences in favor of the plaintiff."

*Holthusen v. Holthusen,* 79 N.C. App. 618, 621-22, 339 S.E.2d 823, 825 (1986).

In the case before us, the first issue stipulated by the parties to be determined by the trial court was an action to quiet title to a tract of land. Plaintiff presented evidence that she had obtained title by a quitclaim deed. She then offered expert testimony that the grantors of the quitclaim deed previously possessed a valid chain of title to the property. However, the trial court in this case stated that plaintiff has "failed to prove by the greater weight of the evidence that she is the fee simple owner of the real property[.]" A motion to dismiss under Rule 41(b) "provides a procedure whereby the judge may weigh the evidence, determine the facts, and render judgment on the merits against the plaintiff, even though the plaintiff may have made out a *prima facie* case." *McKnight v. Cagle,* 76 N.C. App. 59, 65, 331 S.E.2d 707, 711, *cert. denied,* 314 N.C. 541, 335 S.E.2d 20 (1985). The trial court's order stated the court did in fact employ this procedure; we therefore dismiss plaintiff's assignment of error and affirm the order of the trial court.

Affirmed.

Judge BIGGS concurs.

Judge TIMMONS-GOODSON dissents with separate opinion.

TIMMONS-GOODSON, Judge, dissenting.

I disagree with the majority that the trial court's order of dismissal is supported by its findings of fact. I therefore respectfully dissent.

"A dismissal under Rule 41(b)should be granted if the plaintiff has shown no right to relief or if the plaintiff has made out a colorable claim but the court nevertheless determines as the trier of fact that the defendant is entitled to judgment on the merits." *Hill v. Lassiter,* 135 N.C. App. 515, 517, 520 S.E.2d 797, 800 (1999). If the trial court grants a motion for involuntary dismissal, he must make findings of fact and state his conclusions of law separately as required by the Rule. *Joyner v. Thomas,* 40 N.C. App. 63, 65, 251 S.E.2d 906, 908 (1979). Failure to make the necessary findings of fact constitutes reversible error. *Hill,* 135 N.C. App. at 517, 520 S.E.2d at 800.

**VERNON v. LOWE**

[148 N.C. App. 694 (2002)]

Such findings are intended to aid the appellate court by affording it a clear understanding of the basis of the trial court's decision, and to make definite what was decided[.] Finally, the requirement of findings should evoke care on the part of the trial judge in ascertaining the facts.

*Id.* at 518, 520 S.E.2d at 800 (quoting, *Helms v. Rea*, 282 N.C. 610, 619, 194 S.E.2d 1, 7 (1973)).

In the instant case, the trial court made the following findings of fact:

2. That the matter was tried by the Court without a jury.

3. That at the close of all the evidence, the court was of the opinion that the plaintiff had failed to prove by the greater weight of the evidence that she is the fee simple owner of the real property which is the subject of his action and this Court being of the opinion that the plaintiff, having failed to carry the burden of proof on said issue, was not entitled to a favorable answer to any of the subsequent issues and the Court being of the opinion that the action should be dismissed.

This order does not make known the grounds on which the court dismissed plaintiff's claim and additionally does not set forth any conclusions of law to support its findings of fact. While a review of the transcript reveals that the trial court dismissed plaintiff's claim because plaintiff had not shown that "she is the fee simple owner of the real property," this Court is unable to determine the propriety of the order "unaided by findings of fact explaining the reasoning of the trial court." *Hill* at 518, 520 S.E.2d at 800.

Since the trial court failed to make the necessary findings, I would vote to remand for further findings and conclusions of law in support of its order of dismissal.