GARLAND M. NEFF v. QUEEN CITY COACH COMPANY, A CORPORATION

No. 7226DC789

(Filed 22 November 1972)

1. **Rules of Civil Procedure §§ 11, 50— involuntary dismissal — directed verdict — improper motion**

Though defendant's motions for directed verdict were improperly made before the trial judge sitting without a jury, the court on appeal treats the motions as motions for involuntary dismissal and considers the merits of the case.

2. **Bailment § 5; Rules of Civil Procedure § 20— plaintiff bailee — right of action against third person**

Plaintiff husband was entitled to prosecute a claim against defendant carrier for the value of the contents of lost baggage,

---

**Neff v. Coach Co.**

---

though the most valuable portion of the contents belonged· to his wife, since plaintiff was owner of part and at least bailee of the remainder of the contents; however, defendant's contention that plaintiff was not the real party in interest by reason of the wife's ownership of part of the lost goods was completely disposed of when the wife was made an additional party plaintiff.

**3. Appeal and Error § 57— findings of fact — review**

The trial court's findings that plaintiff was a paid passenger on defendant's bus, that plaintiff checked a duffel bag with defendant and that defendant took plaintiff's baggage into its exclusive custody, control and possession as a common carrier were supported by the evidence and are binding on appeal, though there was evidence that subsidiaries of Continental Trailways, Inc. other than defendant were transporting plaintiff and his baggage when the loss complained of occurred.

**4. Carriers § 16— limitation of liability — authorization by ICC**

Defendant carrier's asserted $50.00 limitation on its liability for negligence in the loss of plaintiff's baggage was ineffective where the evidence failed to show that the Interstate Commerce Commission had expressly authorized the limitation based on a rate differential.

**5. Evidence § 28— proof of official records — baggage tariff — exclusion proper**

A document offered by defendant as the applicable baggage tariff on file with the Interstate Commerce Commission was properly excluded where the document conformed with neither 49 U.S.C. § 16(13) nor G.S. 1A-1, Rule 44, providing for the method of proof of official records.

**6. Bailment § 3; Carriers § 16— loss of baggage — prima facie case of negligence**

A *prima facie* case of actionable negligence was established when plaintiff offered evidence tending to show (1) that his property was delivered to defendant, (2) that defendant accepted it and therefore had possession and control over it, and (3) that defendant failed to return the property; moreover, plaintiff's evidence tended directly to establish negligence on the part of defendant's bus driver in failing to supervise the removal of baggage from the bus, when he stopped it at night, not at the bus station, at Orangeburg, S. C.

APPEAL by defendant from *Stukes, District Judge,* 12 June 1972 Session of District Court held in MECKLENBURG County.

Civil action in which plaintiff-passenger seeks recovery of damages from defendant-bus company for the value of baggage allegedly lost by negligence of defendant, heard by the court without a jury.

Plaintiff's evidence in substance showed the following: On 8 January 1970 plaintiff purchased three tickets at the bus station at the Charleston Air Force Base in South Carolina so that he, his wife, and child could travel to Charlotte, N. C. Plaintiff paid full fare for himself and his wife and paid half-fare for his child. These tickets, plaintiff's Exhibits 1, 2 and 3, bore on the back the legend: "Issued by:" followed by the names of some twenty-eight bus companies, including the name of the defendant in this case, followed by the words: "all doing business as Continental Trailways, Dallas, Tex." Plaintiff checked four pieces of luggage at the station. One piece, a World War II duffel bag with plaintiff's name and identification on it, was never recovered. At the Charleston station the bus company did not have any employees to load baggage onto the bus, and the passengers put their own bags on board. Plaintiff's duffel bag was too heavy for him to carry, and in his presence it was loaded on board the bus by another passenger. (While plaintiff's evidence is not altogether clear on the question, defendant's brief concedes that apparently the baggage was loaded into the baggage compartment of the bus.) Plaintiff's Exhibit 4 is the baggage claim check for the duffel bag. On one side of this claim check there is printed, among other matters, the following: "Baggage liability limited to $50.00 (see over)." The other side contains the following:

## "Baggage Contract

(1) The party accepting this check hereby agrees that no claim in excess of $50.00 for all baggage checked on one full fare ticket and in excess of $25.00 on one-half fare ticket shall be made against the issuing Company for loss of/or damage to property covered by this and/or other baggage checks issued to the same passenger, unless a greater amount is declared in writing at time of checking, in which case charges for excess value will be collected and an excess valuation receipt will be issued. EXCEPTION: On *intrastate* tickets in certain states, as specified in published tariffs, the maximum liability is $25.00 on each full fare ticket and $12.50 on each half fare ticket.

(2) This check is accepted subject to all conditions of published tariffs.

Passengers are Instructed to claim baggage at destination promptly to avoid payment of storage charges.

This Check Must Be Surrendered In Order To
Obtain Baggage
CONTINENTAL TRAILWAYS
Dallas, Texas"

Plaintiff testified he did not notice this provision when he purchased his tickets and checked his baggage.

The lost duffel bag contained plaintiff's suit and two pairs of shoes, valued at $145.45, and dresses, skirts, and a pants suit for his wife, having a fair market value between $600.00 and $700.00.

At Orangeburg, the bus driver stopped the bus at night, not at a bus station, but beside another bus, and told Army personnel on board that they could get their gear and take the other bus directly to Fort Bragg. The Army personnel got off the bus and unloaded their luggage from the side of the bus in the dark. The bus driver did not get off the bus to supervise the unloading and plaintiff did not see any bus employees assisting with this transfer of baggage.

At Columbia, where plaintiff and his wife and child changed buses to continue their trip to Charlotte, the bus employees unloaded the bus, but plaintiff's duffel bag was missing. At the destination point, Charlotte, employees of defendant Queen City Coach Company, offered plaintiff $50.00 as compensation for the lost bag, which offer plaintiff rejected. The bag was never recovered. Other evidence will be referred to in the opinion.

The court entered judgment making findings of fact and adjudging that plaintiff recover $600.00 from defendant. Defendant appealed.

*Hicks & Harris by Richard F. Harris III for plaintiff appellee.*

*John F. Ray; and Myers & Collie by Charles T. Myers for defendant appellant.*

PARKER, Judge.

At the close of plaintiff's evidence and again at the close of all of the evidence defendant moved for a directed verdict

in its favor. Denial of these motions is the subject of the exceptions included in appellant's first assignment of error.

[1]    A motion for directed verdict under Rule 50(a) of the Rules of Civil Procedure is appropriate when trial is held before a jury. This case was tried by the judge without a jury. The appropriate motion in such case is for involuntary dismissal under Rule 41(b). The distinction is more than one of mere nomenclature, as a different test is to be applied to determine the sufficiency of the evidence to withstand the motion when the case is tried before court and jury than when the court alone is finder of the facts. *Bryant v. Kelly,* 10 N.C. App. 208, 178 S.E. 2d 113, *rev'd on other grounds,* 279 N.C. 123, 181 S.E. 2d 438. In the present case defendant not only made the wrong motions, but in doing so failed to comply with Rule 6 of the General Rules of Practice for the Superior and District Courts Supplemental to the Rules of Civil Procedure, as adopted by our Supreme Court pursuant to G.S. 7A-34 effective 1 July 1970. This rule requires that "[a]ll motions written or oral, shall state the rule number or numbers under which the movant is proceeding." *Mull v. Mull,* 13 N.C. App. 154, 185 S.E. 2d 14; *Terrell v. Chevrolet Co.,* 11 N.C. App. 310, 181 S.E. 2d 124; *Lee v. Rowland,* 11 N.C. App. 27, 180 S.E. 2d 445. Adherence to this requirement would have contributed to precision in making the appropriate motions in this case. Though defendant's motions were not properly made, nevertheless we shall treat defendant's motions for directed verdict as motions for an involuntary dismissal under Rule 41(b) and shall pass on the merits of the questions which defendant seeks to raise by this appeal. *Mills v. Koskot Interplanetary,* 13 N.C. App. 681, 187 S.E. 2d 372.

[2]    Defendant first contends its motions should have been allowed because plaintiff's evidence showed that his wife, and not he, was the owner of the most valuable portion of the contents of the lost baggage, from which defendant argues that plaintiff is not the real party in interest and therefore is not entitled to prosecute this claim. There is no merit in this contention. Plaintiff's evidence showed that he was the owner of a portion of the contents of the lost bag and as to the remainder, the clothing of his wife, he was in lawful possession and was at least a bailee. "It has been uniformly held that the bailee has a right of action against a third party, who by his negligence causes the loss of or an injury to the bailed articles, and

this right has been held to be the same, even though the bailee is not responsible to the bailor for the loss." *Hopkins v. Colonial Stores, Inc.*, 224 N.C. 137, 29 S.E. 2d 455; 8 Am. Jur. 2d, Bailments, § 247. Furthermore, motion has been made in this Court through counsel that plaintiff's wife be made a party-plaintiff. A similar motion was made and allowed in *Merchant v. Lassiter*, 224 N.C. 343, 30 S.E. 2d 217. The motion to make plaintiff's wife an additional party-plaintiff is also allowed in the case now before us. This completely disposes of any contention that this action must be dismissed because it is not prosecuted in the name of the real party in interest. A bailor and bailee may jointly maintain an action for the conversion of or injury to the bailed property. *Peed v. Burleson's, Inc.*, 242 N.C. 628, 89 S.E. 2d 256; G.S. 1A-1, Rule 20(a).

[3] Defendant next contends that its motions to dismiss should have been allowed because certain of plaintiff's evidence indicates that other subsidiaries of Continental Trailways, Inc., and not the defendant, operated the bus on which plaintiff and his wife and child traveled and on which his baggage was transported. In this connection, plaintiff called as a witness one of the attorneys for defendant, who testified that Coastal Stages Corporation was the corporation which operated the bus on which plaintiff traveled for the portion of his trip between Charleston and Orangeburg, and that Carolina Scenic Stages, Inc., operated the bus for the portion of the trip from Orangeburg to Charlotte. The evidence indicates that Coastal Stages Corporation, Carolina Scenic Stages, Inc., and defendant, Queen City Coach Company, are all subsidiaries of Continental Trailways, Inc., and the names of all three companies appear on the tickets sold to plaintiff after the words "Issued by:" and before the words "all doing business as Continental Trailways." However that may be, and despite the testimony of defendant's attorney, the trial court in the present case made, among others, the following findings of fact:

"7. On January 8, 1970, the plaintiff was a paid passenger on defendant's bus traveling from Charleston Air Force Base, South Carolina, to Charlotte, North Carolina.

"8. On said date, the plaintiff checked a World War II brown B-4 military bag bearing the inscription 'Lt. G. M. Neff 01331856' with the defendant for transportation from Charleston Air Force Base, South Carolina, to Charlotte,

---

Neff v. Coach Co.

---

North Carolina, and the plaintiff was given a baggage claim check bearing the number F870-713 by the defendant."

\*    \*    \*    \*    \*

"14. The plaintiff's baggage was duly accepted by and taken into the exclusive custody, control, and possession of the defendant as a carrier for transportation by its motor vehicle, a bus, in interstate commerce from Charleston Air Force Base, South Carolina, to Charlotte, North Carolina."

Support for these findings may be found not only in plaintiff's testimony but in defendant's own verified pleadings. In its answer defendant admitted the allegations in paragraph 3 of the complaint that "[o]n or about January 8, 1970, the defendant was engaged in the business of transporting passengers as a common carrier for hire in interstate commerce from Charleston Air Force Base and other cities in South Carolina to Charlotte and other cities in North Carolina," and in a further answer and defense defendant made reference to the baggage tariff which it had on file with the Interstate Commerce Commission and alleged that such "tariff governs the transportation of baggage between the defendant and its passengers, *including the plaintiff;* that the said tariff constitutes a contract *under which the defendant transported the baggage of the plaintiff* and by which contract the defendant limited its liability for failure to deliver the baggage of the plaintiff to Fifty Dollars." (Emphasis added.) The trial court's findings, being supported by admissions and allegations in defendant's own verified pleadings, are binding on this appeal. The trial court was not required to accept as conclusive the contrary testimony given by defendant's attorney, even when he was presented as a witness for the plaintiff.

[4]   Finally, defendant contends its motions should have been allowed because of the $50.00 limitation on its liability and its offer to allow judgment to be taken against it in that amount as contained in its further answer and defense. We do not agree. "[I]n absence of statutory authorization, a common carrier or other public utility may not contract for its freedom from liability for injury caused by its negligence in the regular course of its business." *Jordan v. Storage Co.,* 266 N.C. 156, 146 S.E. 2d 43. However, a common carrier may, by contract,

limit its liability if it is expressly authorized to do so by applicable statute or by a regulatory body having power to grant that privilege. *Neece v. Greyhound Lines,* 246 N.C. 547, 99 S.E. 2d 756. In the present case, plaintiff's loss occurred while his property was being moved in interstate commerce. Therefore, appropriate federal statutes are here applicable. *Clott v. Greyhound Lines,* 278 N.C. 378, 180 S.E. 2d 102.

The particular federal statute here relevant is 49 U.S.C. § 20(11), which was made applicable to motor carriers by 49 U.S.C. § 319. In general, 49 U.S.C. § 20(11) makes a common carrier to which that statute is applicable liable for loss or damage to property transported by it "for the full actual loss, damage, or injury to such property caused by it . . . , notwithstanding any limitation of liability or limitation of the recovery . . . in any contract . . . ; and any such limitation, without respect to the manner or form in which it is sought to be made is declared to be unlawful and void." Certain exceptions to the rule declaring limitations on the carrier's liability void are contained in provisos in the statute. Our Supreme Court held in *Neece v. Greyhound Lines, supra,* that "[t]he authority of motor carriers to limit their liability is found in the second portion of the provision" in 49 U.S.C. § 20(11). This portion provides that the rule making limitations on liability void shall not apply, "second, to property . . . received for transportation concerning which the carriers shall have been or shall be expressly authorized or required by order of the Interstate Commerce Commission to establish and maintain rates dependent upon the value declared in writing by the shipper or agreed upon in writing as the released value of the property, in which case such declaration or agreement shall have no other effect than to limit liability and recovery to an amount not exceeding the value so declared or released . . . ; and any tariff schedule which may be filed with the commission pursuant to such order shall contain specific reference thereto and may establish rates varying with the value so declared and agreed upon. . . ."

In *Neece v. Greyhound Lines, supra,* our Supreme Court said:

"Before a motor carrier can limit its liability for negligent loss or damage to property entrusted to it, it must show: (1) it received the property as a common carrier; (2) it issued a written receipt which contained the asserted

limitation; (3) *the Interstate Commerce Commission has expressly authorized the limitation which is based on a rate differential.*

"*If each of these conditions is not shown to exist, the asserted limitation has no effect.*" (Emphasis added.)

[5] In the case before us the evidence was sufficient to show the first two of the foregoing conditions, but there was no competent evidence to show the existence of the third. In an apparent attempt to show compliance with the third condition, defendant sought to introduce in evidence a copy of what defendant's counsel contends is the applicable baggage tariff on file with the Interstate Commerce Commission. This document, defendant's Exhibit 1, consists of thirty-three printed pages and has printed on the cover page, among other matters, the following: "Issued by National Bus Traffic Association, Inc., Agent." The trial judge sustained plaintiff's objection to introduction in evidence of this document, but did allow it "to illustrate the testimony" of a witness presented by the defendant. In the judgment appealed from the trial court found that "[t]here was no competent evidence presented to this Court that the Interstate Commerce Commission or any other regulatory body, or statute had expressly authorized the limitation of defendant's liability in this case to $50.00." In this finding and ruling we find no error. 49 U.S.C. § 16(13) provides that copies of certain records filed with the Interstate Commerce Commission, when certified by the secretary of the commission, under the commission's seal, shall be received in evidence with like effect as the originals. G.S. 1A-1, Rule 44 of the North Carolina Rules of Civil Procedure provides for the method of proof of official records. Defendant's proffered Exhibit 1 conformed neither with 49 U.S.C. § 16(13) nor with G.S. 1A-1, Rule 44, and was properly excluded from evidence.

[6] We note that plaintiff's action in this case, as set forth in his complaint, was not predicated on the theory that defendant became liable as an insurer. See Annot., *Motor Carrier —Loss of Baggage,* 68 A.L.R. 2d 1350, § 2(b), p. 1353. Instead, plaintiff based his action on the theory that the loss of his baggage was proximately caused by defendant's failure to exercise due care. In this connection there was ample evidence to support the trial court's finding No. 13 that "[t]he defendant failed to exercise reasonable care in the transporting and

protection of the plaintiff's baggage and the contents thereof." A *prima facie* case of actionable negligence was established when plaintiff offered evidence tending to show (1) that his property was delivered to defendant, (2) that defendant accepted it and therefore had possession and control of it, and (3) that defendant failed to return the property. *Clott v. Greyhound Lines, supra.* In addition, plaintiff's evidence tended directly to establish negligence on the part of defendant's bus driver in failing to supervise the removal of baggage from the bus, when he stopped it at night, not at the bus station, at Orangeburg, S. C. Defendant's contention that it could be held liable in this case only if found guilty of gross negligence and that the trial court failed to so find is without merit. Plaintiff's payment for his ticket as a passenger constituted sufficient consideration to make defendant a bailee for hire, and we find no merit in defendant's contention that the contents of the lost bag included such an extensive wardrobe for plaintiff's wife that the lost articles could not properly be considered "baggage" within the meaning of that term as used to designate property which must be carried by a carrier without additional compensation beyond the passenger's fare.

We have carefully examined all of defendant's assignments of error, and find no prejudicial error. The motion that plaintiff's wife be added as a party-plaintiff to the action having been allowed, with the addition of plaintiff's wife as a party-plaintiff the judgment appealed from is

Affirmed.

Judges CAMPBELL and MORRIS concur.