# Richmond

GREYHOUND LINES, INC. v. K. C. MAH.

December 1, 1975.

Record No. 750488.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Poff and Compton, JJ.

*Ronald M. Ayers* (*Joseph A. Matthews, Jr.; Woods, Rogers, Muse, Walker & Thornton*, on brief), for plaintiff in error.

*Edwin C. Stone* (*Davis & Stone*, on brief), for defendant in error.

I'ANSON, C.J., delivered the opinion of the court.

The plaintiff, Mrs. K. C. Mah, brought this action against the defendant, Greyhound Lines, Inc., to recover damages for the value of her baggage allegedly lost through defendant's negligence. The trial court, after hearing the case without a jury, held that Greyhound breached its contract of carriage in failing to provide plaintiff transportation on a "through bus," and thus the National Baggage Tariff

was inapplicable. Thereupon, judgment was entered for the plaintiff in the amount of $1,000.55.

The question presented on this appeal is whether the National Baggage Tariff No. A-500-G, as supplemented, limiting Greyhound's liability to $50.00, is applicable.

The evidence shows that in the early evening of November 23, 1973, plaintiff was informed by an agent of Greyhound that the company had a "through bus" leaving New York City at midnight, which stopped in the City of Radford, Virginia. Later that night plaintiff purchased a full fare ticket from New York to Radford, and was again told that the bus leaving at midnight was a "through bus." She checked three pieces of baggage and was given three claim checks. Each claim check contained the following notation on the front: "BAGGAGE LIABILITY LIMITED TO $50.00 (SEE OVER)." The reverse side of each claim check contained language stating that Greyhound's liability was limited to $50.00 for all baggage checked on one full fare ticket unless a greater value of the baggage was declared in writing at the time of the checking, in which case charges for excess value would be collected and a receipt issued therefor; and that "This check is accepted subject to all conditions of published tariffs."

Plaintiff testified that she did not read the printed matter on the claim checks. She also said that she did not notice posters on the walls in the baggage department of Greyhound's New York terminal advising passengers of the limitation of liability to $50.00 on checked baggage and of the option to declare excess value not to exceed $250, and the cost involved.

Plaintiff's bus left New York at approximately 12:30 on the morning of November 24 and, when she arrived in Washington, D. C., she was transferred to another bus for her journey to Radford. Upon her arrival in Radford she presented her claim checks but her baggage could not be found. Three days later she received one piece of her baggage, but the other bags have not been located. The value of the lost bags and their contents was $1,000.55.

Greyhound introduced in evidence a copy of the National Baggage Tariff No. A-500-G, as supplemented, to which it was a party. The secretary of the Interstate Commerce Commission certified that this tariff was on file in the Commission's office and that it was in effect at the time of plaintiff's loss.

Since the loss sustained by the plaintiff resulted from the movement of baggage in interstate commerce, the rights of the parties must be determined by the application of appropriate federal statutes.

The Interstate Commerce Act permits motor carriers to limit their liability for loss of a passenger's baggage if the carrier complies with the applicable terms of the Act and the rules and regulations of the Interstate Commerce Commission. 49 U.S.C.A. § 20(11), § 319. Many cases have recognized the right of motor carriers to limit their liability through tariffs duly filed with the Interstate Commerce Commission, pursuant to these federal statutes. *See Cray* v. *Pennsylvania Greyhound Lines, Inc.,* 177 Pa. Super. 275, 281, 110 A.2d 892, 894 (1955); *Argo* v. *Southeastern Greyhound Lines, Inc.,* 72 Ga.App. 309, 313-14, 33 S.E.2d 730, 732 (1945); *Patton* v. *Pennsylvania Greyhound Lines,* 75 Ohio App. 100, 103, 60 N.E.2d 945, 946 (1944).

Before a motor carrier engaged in interstate commerce can limit its liability for negligent loss of baggage entrusted to it, it must show each of the following: (1) that it received the baggage as a common carrier; (2) that it issued a written receipt which contained the asserted limitation; and (3) that the Interstate Commerce Commission had on file at the time of the loss a tariff setting forth an authorized limitation, which is based on a rate differential. *Neece* v. *Richmond Greyhound Lines, Inc.,* 246 N.C. 547, 553-54, 99 S.E.2d 756, 761, 68 A.L.R.2d 1341 (1957); 49 U.S.C.A. § 317. *Cf. Neff* v. *Queen City Coach Company,* 16 N.C. App. 466, 473-74, 192 S.E.2d 587, 592 (1972).

Here the evidence established that Greyhound met each of the above conditions. It received plaintiff's baggage as a common carrier engaged in interstate commerce. Plaintiff was issued a claim check for each piece of baggage upon which it was plainly written that Greyhound's baggage liability was limited to $50.00, and that she had the option to declare an excess value by paying the charges for same. In addition, there were posters on the wall in the baggage terminal advising passengers who checked baggage that Greyhound's liability was limited and that they had the option to declare a greater value, not to exceed $250.00. The National Baggage Tariff No. A-500-G, as supplemented, was duly filed with and approved by the Interstate Commerce Commission and was in full force and effect at the time of plaintiff's loss.

In part, the rules of this tariff, approved by the Commission, provide that a passenger checking baggage is entitled to a free value

allowance of $50.00 for each ticket purchased; that the passenger shall have the option of declaring excess value and paying an established excess value charge at the time he checks his baggage; and that in no event can a passenger check baggage valued at more than $250.00.

Section C, Rule 8(i), of the tariff reads as follows:

"The carriers, parties to this Tariff, will not guarantee to forward Baggage on the same Bus with the passenger, nor within a given or specified time limit, but reserve the right to forward it upon any preceding or following Bus, or, if necessary, via a different route of the same Carriers than that traveled by the passenger."

This rule specifically permits the carrier to transport a passenger's baggage on a preceding or following bus, or via a different route altogether. Furthermore, the carrier is prohibited from guaranteeing that a passenger's baggage will be forwarded on the same bus with the passenger. Hence, Greyhound did not violate the tariff by failing to transport the plaintiff and her baggage on a "through bus" from New York City to Radford.

Although plaintiff recognizes the foregoing principles, she nevertheless contends that Greyhound's breach of the contract of carriage in failing to provide her with transportation on a "through bus" voided the limitation of liability clauses in the tariff and contract. She thus asserts that Greyhound's liability should be based on a common law theory of liability. We do not agree.

Assuming, but not deciding, that Greyhound did breach the oral contract to transport plaintiff and her baggage on a "through bus," it was not deprived of the benefit of the tariff provision limiting its liability. The tariff provisions apply to and survive a breach of the contract of carriage. *Minneapolis Soc. of Fine Arts* v. *Railway Express Agency, Inc.*, 213 F.Supp. 129, 132-33 (D.Minn. 1963). This principle is based on the federal policy of uniformity of treatment which requires the tariff to be applied to all matters arising from the attempted performance of a contract by a carrier engaged in interstate commerce. *See Rocky Ford Moving Vans, Inc.* v. *United States*, 501 F.2d 1369, 1372 (9th Cir. 1974); *Lichten* v. *Eastern Airlines, Inc.*, 189 F.2d 939, 942, 25 A.L.R.2d 1337 (2nd Cir. 1951). If the liability limit failed to survive a breach, then it could never apply, since only misdelivery, deviation or other negligence would invoke the need for the limitation in the first place. *Minneapolis, Etc., supra,* at 133.

For the reasons stated, we hold that the tariff was applicable in this case. Hence, the judgment of the court below is modified by reducing the judgment for the plaintiff to the amount of the limitation of liability under the tariff and contract, and judgment is here entered for the plaintiff in the amount of $50.00.

*Affirmed as modified, and final judgment.*