RUTH E. MASHBURN v. FIRST INVESTORS CORPORATION AND DORCAS
ANN BROOKS

No. 9030SC303

(Filed 16 April 1991)

**Rules of Civil Procedure § 41 (NCI3d) — trial without jury — directed verdict improper — findings and conclusions required**

> The trial court erred in a nonjury trial by granting defendant's motion for a directed verdict in an action to determine whether defendant had tendered a valid rescission offer under N.C.G.S. § 78A-56(g)(1) (1987), thereby barring plaintiff from bringing a civil action arising from the fraudulent misrepresentations of defendant's securities broker. The appropriate motion to test the sufficiency of the plaintiff's evidence to show a right to relief is a motion for involuntary dismissal pursuant to N.C.G.S. § 1A-1, Rule 41(b). Considered as a Rule 41(b) dismissal, the judgment contains only a bare conclusion and does not rise to the level of separate findings and conclusions required by N.C.G.S. § 1A-1, Rules 41(b) and 52(a).

**Am Jur 2d, Trial § 1245.**

APPEAL by plaintiff from judgment entered 14 February 1990 in CHEROKEE County Superior Court by *Judge Claude S. Sitton.* Heard in the Court of Appeals 11 December 1990.

*Zeyland G. McKinney, Jr., for plaintiff-appellant.*

*Patla, Straus, Robinson & Moore, P.A., by Harold K. Bennett, for defendant-appellee, First Investors Corporation.*

*No brief filed for defendant Dorcas Ann Brooks.*

WYNN, Judge.

Since the decision of this case turns upon a procedural error, a complete discussion of the facts is not necessary. Summarily, it is undisputed in this appeal that defendant, Dorcas Ann Brooks ("Brooks"), a security broker employed by First Investors Corporation ("First Investors") used a variety of fraudulent misrepresentations to induce the plaintiff, Ruth E. Mashburn, to purchase securities.

The plaintiff discovered Brooks' illegal activities and promptly contacted First Investors. Upon confirming the fraud perpetrated

by Brooks, First Investors tendered, pursuant to the provisions of N.C.G.S. § 78A-56(g)(1), an offer to rescind the securities contract made with the plaintiff. That statute provides as follows:

> No purchaser may sue under this section if, before suit is commenced, the purchaser has received a written offer stating the respect in which liability under this section may have arisen and fairly advising the purchaser of his rights; offering to repurchase the security for cash payable on delivery of the security equal to the consideration paid, together with interest at the legal rate as provided by G.S. 24-1 from the date of payment, less the amount of any income received on the security or, if the purchaser no longer owns the security, offering to pay the purchaser upon acceptance of the offer an amount equal in cash to the damages computed in accordance with subsection (a); and stating that the offer may be accepted by the purchaser at any time within 30 days of its receipt; and the purchaser has failed to accept such offer in writing within the specified period.

N.C. Gen. Stat. § 78A-56(g)(1) (1987).

The plaintiff made a conditional acceptance of First Investors' rescission offer, expressly reserving the right to sue for breach of contract, fraud and punitive damages. Following her acceptance, the plaintiff brought this action, contending that the rescission offer was invalid because it did not comply with the requirements of section 78A-56(g)(1).

At the trial, which was held without a jury, the trial judge granted First Investors' motion for a directed verdict on the ground that the rescission offer tendered by First Investors to the plaintiff had complied with section 78A-56(g)(1) and, therefore, barred the plaintiff from bringing a civil action. The plaintiff now appeals.

Appellant assigns as error the trial court's entry of a directed verdict in favor of the defendant, First Investors Corporation. The appellant correctly contends that since the proceeding in which the parties were engaged was a bench trial, the entry of a directed verdict was improper.

Directed verdicts are proper only in jury cases. *Bryant v. Kelly*, 279 N.C. 123, 181 S.E.2d 438 (1971). When there is a trial by the court, sitting without a jury, the appropriate motion by which a defendant may test the sufficiency of plaintiff's evidence

to show a right to relief is a motion for involuntary dismissal pursuant to N.C.G.S. § 1A-1, Rule 41(b). *Higgins v. Builders and Finance, Inc.*, 20 N.C. App. 1, 200 S.E.2d 397 (1973), *cert. denied*, 284 N.C. 616, 201 S.E.2d 689 (1974); *Aiken v. Collins*, 16 N.C. App. 504, 192 S.E.2d 617 (1972). The distinction is more than a mere formality, as a different test is to be applied to determine the sufficiency of the evidence to withstand the motion when the case is tried before the court and jury than when the court alone is the finder of facts. *Mayo v. Mayo*, 73 N.C. App. 406, 409, 326 S.E.2d 283, 285 (1985) (citing *Neff v. Queen City Coach Co.*, 16 N.C. App. 466, 192 S.E.2d 587 (1972)).

Here, the parties submitted factual stipulations to the judge in a bench trial and the defendant, First Investors Corporation, moved for a directed verdict. This motion was improper.

Even exercising our discretion and considering the defendant's motion as though it were made pursuant to Rule 41(b) affords the defendant no relief here. Rule 41(b) provides that "[i]f the court renders judgment on the merits against plaintiff, the court *shall* make findings as provided in Rule 52(a)." N.C. Gen. Stat. § 1A-1, Rule 41(b)(1983) (emphasis added). Rule 52(a) provides as follows:

(a) Findings.—

(1) In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment.

N.C. Gen. Stat. § 52(a) (1983).

The requirement of appropriately detailed findings is designed to dispose of the issues raised by the pleadings and to allow the appellate courts to perform their proper function in the judicial system. *Coble v. Coble*, 300 N.C. 708, 268 S.E.2d 185 (1980).

The judgment entered in the case *sub judice* does not contain separate findings of fact and conclusions of law. Neither the judgment, nor the stipulations address the propriety of certain monetary deductions made by First Investors in its rescission offer. Our reading of the judgment indicates that it simply makes the bare conclusion that the defendant First Investors tendered a "valid" rescission offer and that, therefore, the plaintiff is barred from bringing suit under the provisions of N.C.G.S. § 78A-56(g)(1) and

under the holding of *Brockmann Industries, Inc. v. Carolina Securities Corp.*, 861 F.2d 798 (4th Cir. 1988). Clearly, this statement by the trial judge does not rise to the level of separate findings of fact and conclusions of law. It follows that the judgment in this case does not comport with the requirements of Rules 41(b) and 52(a).

Reversed and remanded.

Judges PHILLIPS and EAGLES concur.