ELLIS HILL, Plaintiff v. WOODROW LASSITER, Defendant

No. COA98-1475

(Filed 2 November 1999)

**Civil Procedure— bench trial—directed verdict improper—involuntary dismissal—findings required**

Although the trial court erred in allowing defendant's improper motion for a directed verdict in an unfair and deceptive trade practices case tried before the bench without a jury since the proper motion would have been one for involuntary dismissal under Rule 41(b), the Court of Appeals treated defendant's motion as one for involuntary dismissal and concluded the trial court's order dismissing plaintiff's action is vacated and remanded for a new trial because the trial court did not set forth any findings of fact to support its order of dismissal.

Appeal by plaintiff from judgment entered 18 June 1998 by Judge J. Richard Parker in Superior Court, Jones County. Heard in the Court of Appeals 9 September 1999.

*Henderson, Baxter, Alford & Taylor, P.A., by David S. Henderson, for plaintiff appellant.*

*Robert G. Bowers for defendant appellee.*

TIMMONS-GOODSON, Judge.

Ellis Hill ("plaintiff") appeals from the 18 June 1998 judgment dismissing his claim against Woodrow Lassiter ("defendant") for unfair and deceptive trade practices. Plaintiff's evidence at the bench trial in Superior Court, Jones County tended to show the following. Defendant contracted to sell real property ("the subject property") to plaintiff in consideration for which plaintiff would survey the subject property at plaintiff's expense and pay $1,000.00 for each acre within the parcel. Additionally, plaintiff agreed to clear a second tract of land owned by defendant at plaintiff's expense. As a result, plaintiff had the second tract of land cleared and paid two bills for said service, one for $3,500.00 and another for $2,000.00. Plaintiff also paid $3,000.00 to defendant towards the purchase price of the subject property and $754.30 for the survey of the subject property.

The survey of the subject property was performed by Mayo & Associates ("Mayo"). Mayo visited the land on three occasions to sur-

vey the subject property and determined that a portion of it belonged to the Weyerhaeuser Company ("Weyerhaeuser"). Defendant bulldozed the subject property and the Weyerhauser property so that it appeared to be one field. Defendant believes that he owns all of the land he agreed to sell plaintiff, and is involved in a lawsuit with Weyerhaeuser to clear title.

Counsel for plaintiff researched the title to the subject property and determined that it was subject to a deed of trust held by Federal Land Bank. Defendant assured plaintiff that the deed of trust would be satisfied and released by the lending institution upon the sale of the property to plaintiff. Counsel for plaintiff wrote defendant demanding a deed for conveyance of the subject property, but plaintiff received neither a deed nor reimbursement from defendant for the expenses incurred surveying and clearing defendant's property.

Plaintiff informed defendant that he would pay the balance of the money owed for the purchase of the subject property once defendant cleared the title and provided a deed. The parties modified their agreement to omit that portion of the subject property claimed by Weyerhaeuser. Plaintiff agreed to pay defendant for a portion of the subject property, and then upon presentation of good title, to pay defendant for the portion claimed by Weyerhaeuser.

Counsel for plaintiff drafted a deed for defendant to convey the subject property to plaintiff based on the surveys provided. Defendant refused to sign the deed and also refused to sign a release deed of trust on the property as defendant was unsatisfied with the survey and description contained in the deed. Defendant refused to refund any money to plaintiff.

Following a bench trial, Judge J. Richard Parker dismissed plaintiff's action for treble damages based on unfair and deceptive trade practices. The Court then denied plaintiff's request to amend his complaint to conform the pleadings to the evidence as to unjust enrichment based on breach of contract. Plaintiff appeals.

The dispositive issue on appeal is whether the trial court erred by granting a directed verdict for defendant at the close of all the evidence on plaintiff's claim for unfair and deceptive trade practices.

Plaintiff argues that the trial court erred in finding that plaintiff failed to make a *prima facie* case for unfair and deceptive trade practices and in dismissing plaintiff's case. For the reasons that follow, we hold that the trial court erred in dismissing plaintiff's case.

**HILL v. LASSITER**

[135 N.C. App. 515 (1999)]

In a bench trial, Rule 41(b) of the Rules of Civil Procedure is the proper motion to dismiss on the ground that "upon the facts and the law the plaintiff has shown no right to relief." *Kelly v. Harvester Co.*, 278 N.C. 153, 159, 179 S.E.2d 396, 398 (1971). *See also Hamm v. Texaco, Inc.*, 17 N.C. App. 451, 454, 194 S.E.2d 560, 562 (1973). In contrast, in a jury trial, the proper motion to dismiss is one for directed verdict pursuant to Rule 50(a). *Neff v. Coach Co.*, 16 N.C. App. 466, 470, 192 S.E.2d 587, 590 (1972).

In the present case, the trial court allowed defendant's motion for "directed verdict" even though the action was tried before the bench without a jury. The proper motion would have been one for involuntary dismissal pursuant to Rule 41(b). When a motion to dismiss under Rule 41(b) is incorrectly designated as one for a directed verdict, it may be treated as a motion for involuntary dismissal. *Neasham v. Day*, 34 N.C. App. 53, 54-55, 237 S.E.2d 287, 288 (1977). Therefore, this Court will treat defendant's motion as one for involuntary dismissal pursuant to Rule 41(b) in order to pass on the merits.

The test of whether dismissal is proper under Rule 41(b) differs from the test of whether dismissal is proper for directed verdict under Rule 50(a). *Neff*, 16 N.C. App. at 470, 192 S.E.2d at 590. On a motion to dismiss pursuant to Rule 41(b), the trial court is not to take the evidence in the light most favorable to plaintiff. *Dealers Specialties, Inc. v. Housing Services*, 305 N.C. 633, 640, 291 S.E.2d 137, 141 (1982). Instead, "the judge becomes both the judge and the jury and he must consider and weigh all competent evidence before him." *Id.* The trial court must pass upon the credibility of the witnesses, the weight to be given their testimony and the reasonable inferences to be drawn from them. *Bridge Co. v. Highway Comm.*, 30 N.C. App. 535, 544, 227 S.E.2d 648, 653-54 (1976).

A dismissal under Rule 41(b) should be granted if the plaintiff has shown no right to relief or if the plaintiff has made out a colorable claim but the court nevertheless determines as the trier of fact that the defendant is entitled to judgment on the merits. *Ayden Tractors v. Gaskins*, 61 N.C. App. 654, 660, 301 S.E.2d 523, 527, *disc. review denied*, 309 N.C. 319, 307 S.E.2d 162 (1983).

If the trial court grants a defendant's motion for involuntary dismissal, he must make findings of fact and failure to do so constitutes reversible error. *Graphics, Inc. v. Hamby*, 48 N.C. App. 82, 89, 268 S.E.2d 567, 571 (1980) (citation omitted).

**HILL v. LASSITER**

[135 N.C. App. 515 (1999)]

Such findings are intended to aid the appellate court by affording it a clear understanding of the basis of the trial court's decision, and to make definite what was decided for purposes of res judicata and estoppel. Finally, the requirement of findings should evoke care on the part of the trial judge in ascertaining the facts.

*Helms v. Rea*, 282 N.C. 610, 619, 194 S.E.2d 1, 7 (1973) (quoting Wright, *Law of Federal Courts* § 96, at 428-29 (1970)).

In granting the dismissal in the case *sub judice*, the trial court ruled that plaintiff "had not made a case to establish its claim for relief against Defendant." The judgment does not make known the grounds on which the court dismissed plaintiff's claim, because the trial court did not set forth any findings of fact to support its order of dismissal. While a review of the transcript reveals that the trial court dismissed plaintiff's claim because plaintiff had not shown that defendant's acts were "in or affecting commerce," this Court is unable to determine the propriety of the order unaided by findings of fact explaining the reasoning of the trial court. We hold that the failure of the trial court to make findings of fact was error and we vacate the order of dismissal and remand for a new trial.

Plaintiff further assigns error to the denial by the trial court of his motion to amend the complaint to conform the allegations to the evidence presented. In light of our previous holding, we need not reach this issue.

For the reasons stated herein, we vacate the order of the trial court dismissing plaintiff's action and remand for a new trial.

Vacated and remanded for a new trial.

Judges GREENE and HORTON concur.