GREENSBORO MASONIC TEMPLE, PLAINTIFF v. PATRICK S. McMILLAN, DEFENDANT

No. COA00-311

(Filed 6 March 2001)

**1. Contracts— breach—failure to prove damages—failure to prove contract breached—involuntary dismissal proper**

The trial court did not err in a breach of contract action by converting defendant's N.C.G.S. § 1A-1, Rule 50(a) motion for a directed verdict into a N.C.G.S. § 1A-1, Rule 41(b) motion for involuntary dismissal and by granting this motion, because: (1) plaintiff failed to prove the damages suffered in the breach of contract claim; and (2) plaintiff failed to prove the contract was breached.

**2. Contracts— breach—deposition and exhibits—involuntary dismissal proper**

The trial court did not err in a breach of contract action when it granted an involuntary dismissal even though plaintiff contends the trial court failed to consider all of plaintiff's deposition and exhibits, because: (1) the trial court considered this evidence but did not peruse the material further after plaintiff could not point to places in the deposition or exhibits which would prove damages attributable to defendant; and (2) the trial court based its dismissal on plaintiff's failure to make out a prima facie case as well as the fact that the trial court believed that plaintiff breached the contract.

Appeal by plaintiff from judgment entered 26 October 1999 and amended judgment entered 16 December 1999 by Judge William L. Daisy in Guilford County District Court. Heard in the Court of Appeals 24 January 2001.

*Johnson Tanner Cooke Younce & Moseley, by J. Sam Johnson, Jr., for plaintiff-appellant.*

*Forman Rossabi Black Marth Iddings & Albright, P.A., by T. Keith Black, for defendant-appellee.*

WYNN, Judge.

A Rule 41(b) motion "not only tests the sufficiency of plaintiff's proof to show a right to relief, but also provides a procedure whereby the judge may weigh the evidence, determine the facts, and render judgment on the merits against the plaintiff." *McKnight v. Cagle,* 76 N.C. App. 59, 65, 331 S.E.2d 707, 711, *cert. denied,* 314 N.C. 541, 335 S.E.2d 20 (1985). The plaintiff in this case argues that the dismissal of its case under Rule 41(b) was improper because it presented sufficient proof to support its breach of contract claim. Because the transcript in this matter supports the trial court's conclusions that the plaintiff offered insufficient proof of breach and damages, we uphold the trial court's order of dismissal.

This appeal arises out of a construction contract in which the defendant Patrick McMillan agreed to undertake a $26,879 project for the Greensboro Masonic Temple Company, Inc. The parties disagree as to why McMillan failed to finish the project—the Greensboro Masonic Temple contends that McMillan abandoned the job; but

McMillan says that the Greensboro Masonic Temple breached the contract by failing to pay him.

Greensboro Masonic Temple ultimately hired other contractors to complete the construction project, paying a total of $45,953.40. By this action, Greensboro Masonic Temple seeks to recover $19,074.40 from McMillan—the difference between the amount it spent to complete the job and the amount contracted with McMillan.

At a bench trial, McMillan moved for a directed verdict under N.C.R. Civ. P. 50(a) at the close of the Greensboro Masonic Temple's evidence on the grounds that Greensboro Masonic Temple failed to offer evidence supporting its claim for damages. The trial court granted this motion after allowing the Greensboro Masonic Temple an opportunity to point out any evidence which might show damages attributable to McMillan.

**[1]** Greensboro Masonic Temple then moved for a new trial. The trial court denied this motion, but amended its judgment to designate that it treated McMillan's motion under Rule 50(a) as a motion for involuntary dismissal under Rule 41(b). We acknowledge that the trial court undertook that amending action because the proper motion to dismiss a case during a bench trial is a motion for involuntary dismissal under Rule 41(b), not a motion for directed verdict under Rule 50(a). And, when "a motion to dismiss under Rule 41(b) is incorrectly designated as one for a directed verdict, it may be treated as a motion for involuntary dismissal." *Neasham v. Day*, 34 N.C. App. 53, 54-55, 237 S.E.2d 287, 288 (1977). We, therefore, consider Greensboro Masonic Temple's appeal to be from the trial court's order of involuntary dismissal under Rule 41(b).

When considering a Rule 41(b) motion, the trial court does not need to evaluate the evidence in the light most favorable to the plaintiff, as would be required by a ruling on a motion for directed verdict. *See Dealers Specialities, Inc. v. Neighborhood Housing Services, Inc.*, 305 N.C. 633, 638, 291 S.E.2d 137, 140 (1982). *See also McKnight v. Cagle*, 76 N.C. App. 59, 65, 331 S.E.2d 707, 711 (1985).[1] A dismissal under Rule 41(b) should be granted when the plaintiff has shown no

---

1. In this case, the record shows that the trial court accorded more deference to Greensboro Masonic Temple's evidence than the law requires. In its judgment, the trial court noted that "the evidence, taken in the light most favorable to the Greensboro Masonic Temple and giving the Greensboro Masonic Temple the benefit of every reasonable inference which can be drawn from the evidence, is insufficient as a matter of law to establish a claim for relief against the Defendant."

right to relief or if the trial court determines that the defendant should otherwise prevail as a matter of law. *See Ayden Tractors v. Gaskins*, 61 N.C. App. 654, 660, 301 S.E.2d 523, 527, *disc. review denied*, 309 N.C. 319, 307 S.E.2d 162 (1983).

Rule 41(b) provides that if the trial court grants an involuntary dismissal it shall make findings of fact and separate conclusions of law. Failure to make findings of fact is reversible error and requires a new trial. *See Hill v. Lassiter*, 135 N.C. App. 515, 520 S.E.2d 797 (1999); *Mashburn v. First Investors Corp.*, 102 N.C. App. 560, 402 S.E.2d 860 (1991); *Young v. Kuehne Chemical Co., Inc.*, 53 N.C. App. 806, 281 S.E.2d 742, *rev. denied*, 304 N.C. 590, 289 S.E.2d 566 (1981). Such findings are intended to aid this Court by providing us with a clear understanding of the basis of the trial court's decision, and to make clear what was decided for purposes of *res judicata* and estoppel. *See Helms v. Rea*, 282 N.C. 610, 619, 194 S.E.2d 1, 7 (1973).

While this Court has not explicitly held that there are any exceptions to this requirement, we held in *Hill v. Lassiter*, 135 N.C. App. 515, 520 S.E.2d 797 (1999) and *Dept. of Transportation v. Overton*, 111 N.C. App. 857, 433 S.E.2d 471 *disc. review allowed*, 335 N.C. 237, 439 S.E.2d 144 (1993), *and disc. review improvidently granted*, 336 N.C. 598, 444 S.E.2d 448 (1994), that the trial court's basis for its decision could be found in the transcript. In those cases, the transcripts did not reveal an adequate basis for the trial court's grant of involuntary dismissal. But in the case at bar, the transcript affords us with a clear understanding of the trial court's basis for granting an involuntary dismissal—the Greensboro Masonic Temple failed to prove the damages suffered in the breach of contract claim. The transcript further shows that the Greensboro Masonic Temple failed to prove that the contract was breached. *See, e.g., Iron Steamer, Ltd. v. Trinity Restaurant, Inc.*, 110 N.C. App. 843, 431 S.E.2d 767 (1993).

The transcript, in this case, shows that during the bench trial there had been no testimony as to the costs associated with things that had to be redone, corrected and finished under the contract. Moreover, Greensboro Masonic Temple submitted only the costs associated with finishing the job. Significantly, Greensboro Masonic Temple presented no evidence of its cost to repair the damages that they contend were caused by McMillan. Indeed, during the bench trial, the trial court agreed with McMillan that Greensboro Masonic Temple could not specify which of its costs were attributable to the damages caused by McMillan. After providing what they had to pay to

finish the project, Greensboro Masonic Temple, when addressing the issue of damages stated: "Judge, you can sort of figure it out on your own."

Further, McMillan testified to being locked out of the facility before completion of the project. At the hearing regarding Greensboro Masonic Temple's motion for a new trial, the trial judge stated:

> I think [Greensboro Masonic Temple] would be well-advised to let this one go Mr. Johnson. Those two men that testified obviously were more interested in running this project than the person they hired to run it. As far as I'm concerned, they breached the contract when they started interfering with him.

The trial judge also commented, "had this case gone to decision, I would have ruled against [Greensboro Masonic Temple] anyway, because I thought they had breached the contract based upon the evidence I heard here and now."

Either of these two grounds—failure to properly attribute damages to the defendant or the breach of contract on the part of the Greensboro Masonic Temple—is a finding of fact that would support the trial court's order of involuntary dismissal under Rule 41(b). While the better practice would have been for the trial court to make its findings of fact and conclusions of law in the judgment, we find that the trial court's motivation was clear enough for appellate review. Further, we hold that based on the trial court's findings and conclusions, involuntary dismissal was proper.

**[2]** Greensboro Masonic Temple also argues that the trial court erred when it granted involuntary dismissal because it had not considered all of Greensboro Masonic Temple's evidence, namely, a deposition and its exhibits. We find fault with Greensboro Masonic Temple's argument on two grounds.

First, the trial court did not completely ignore the proffered deposition and exhibits, as is evidenced both by the appellant's brief and the transcript. While it appears that he did not read the documents in their entirety, the trial court specifically asked Greensboro Masonic Temple to point to places in the deposition or exhibits which would prove damages attributable to McMillan. Greensboro Masonic Temple failed to do so, leaving the trial court with no reason to peruse the material further. During the hearing regarding Greensboro Masonic Temple's motion for a new trial, the trial court stated the fol-

lowing as its reasoning for granting the motion to dismiss and denying the motion for a new trial:

> [T]he question of what's in the deposition is not as important to me as what's not in the deposition . . . [T]here wasn't evidence of what it cost [Greensboro Masonic Temple] to repair the damages that they contend were caused by the defendant. You had lots of information about what they had to pay to finish the project, but not any specific information about what it costs to do the work, and that's why I granted the motion, and I'm satisfied . . .

Second, the trial court did not base its dismissal solely on Greensboro Masonic Temple's failure to make out a *prima facie* case; rather, it explicitly stated during the hearing for a new trial that it believed the Greensboro Masonic Temple breached the contract. This independent ground for dismissing the case made the trial court's failure to read the transcript in its entirety at most harmless error. Since the trial court made the finding that Greensboro Masonic Temple breached the agreement, no amount of proof of damages by Greensboro Masonic Temple would have allowed it to recover from McMillan. *See Millis Constr. Co. v. Fairfield Sapphire Valley, Inc.*, 86 N.C. App. 506, 512, 358 S.E.2d 566, 570 (1987) (holding that if either party commits a material breach of contract, the other party should be excused from the obligation to further perform).

The judgment of the trial court is,

Affirmed.

Judges McGEE and JOHN concur.