IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-244

Filed 5 November 2025

Wake County, No. 22CVD001962-910

TOMIEGRACE BRUTUS, Plaintiff,

v.

CHRISTOPHER BROIDO, Defendant.

Appeal by defendant from order entered 6 August 2024 by Judge Julie L. Bell in Wake County District Court. Heard in the Court of Appeals 15 October 2025.

*No brief filed on behalf of the plaintiff-appellee, Tomiegrace Brutus.*

*Marshall & Taylor, PLLC, by Travis R. Taylor, for the defendant-appellant.*

TYSON, Judge.

Christopher Broido ("Defendant") appeals an Order Dismissing his Motion to Modify Custody and Subparts 2(h), 2(i), and 2(j) of his Motion for Order to Show Cause, entered 6 August 2024. We vacate the trial court's Order and remand for further proceedings.

## I. Background

Defendant and Tomiegrace Brutus ("Plaintiff") were married on 28 October 2017 and separated on 4 December 2021. Their divorce was finalized on 14 July 2023. They are parents of two children, both of whom are still minors.

Plaintiff filed a Complaint for Child Custody, Child Support, and Attorney's

Fees on 17 February 2022. The parties entered into a Consent Order for Temporary Child Custody and Child Support on 31 March 2022. The Consent Order awarded "joint legal custody" and established a tiered custodial arrangement. Plaintiff and Defendant rarely agreed on any major issues involving the minor children and a parenting coordinator was appointed on 16 June 2022 to assist them in making decisions.

Following a Motion for Permanent Custody and a Motion for Permanent Child Support by Defendant, the trial court entered an Amended Permanent Custody Order. The Amended Permanent Custody Order awarded sole legal custody of both children to Plaintiff. Additionally, Plaintiff was awarded primary physical custody, and Defendant was given limited visitation rights on alternating weekends, Christmas, and the children's birthdays.

Defendant filed a Motion for Order to Show Cause and Motion for Contempt (hereinafter "MOTSC"), along with a Motion to Modify Custody, on 21 November 2023. The trial court entered an Order to Appear and Show Cause against Plaintiff based on allegations included in the MOTSC on 5 December 2023. The MOTSC was continued until 8 July 2024, when it was heard along with Defendant's Motion to Modify Custody at Plaintiff's request.

A hearing was held from 8 through 10 July 2023. At the close of Defendant's evidence, Plaintiff moved for a Directed Verdict. The trial court granted Plaintiff's directed verdict motion and entered an Order Dismissing Defendant's Motion to

Modify Custody and Subparts 2(h), 2(i), and 2(j) of Defendant's MOTSC on 6 August 2024. The trial court announced in open court: "Defendant has failed to meet his burden of a substantial change of circumstances impacting the minor children's best interest." The trial court, however, found Plaintiff in contempt of Subparts 2(a)-(g) of Defendant's MOTSC on 10 July 2024.

Defendant filed written Notice of Appeal from the Order Dismissing Defendant's Motion to Modify Custody and subparts 2(h), 2(i), and 2(j) of Defendant's MOTSC.

## II.    Jurisdiction

This Court possesses jurisdiction pursuant to N.C. Gen. Stat. § 7A-27(b)(2) (2023).

## III.    Issues

Defendant argues the trial court: (1) improperly granted Plaintiff's Motion for Directed Verdict in a non-jury trial; (2) erred by making insufficient findings of facts and conclusions of law when granting the directed verdict in Plaintiff's favor; and, (3) abused its discretion by dismissing subparts 2(h), 2(i), and 2(j) of Defendant's MOTSC.

## IV.    Plaintiff's Motion for Directed Verdict

Defendant argues the trial court procedurally and prejudicially erred by granting Plaintiff's Motion for Directed Verdict. Defendant argues a Rule 41(b) motion was the appropriate procedural mechanism because the proceeding was a

bench trial. We agree. Even considering Plaintiff's motion as one for involuntary dismissal, we hold the trial court's ruling on Defendant's Motion to Modify Custody and MOTSC is based on insufficient findings of fact and is vacated.

## A. Standard of Review

"The standard of review on appeal from a judgment entered after a non-jury trial is whether [ ] competent evidence [ ] support[s] the trial court's findings of fact and whether the findings support the conclusions of law and ensuing judgment." *Cartin v. Harrison,* 151 N.C. App. 697, 699, 567 S.E.2d 174, 176*, disc. review denied,* 356 N.C. 434, 572 S.E.2d 428 (2002) (internal quotation and citation omitted).

"When reviewing a trial court's decision to grant or deny a motion for the modification of an existing child custody order, the appellate courts must examine the trial court's findings of fact to determine whether they are supported by substantial evidence." *Shipman v. Shipman*, 357 N.C. 471, 474, 586 S.E.2d 250, 253 (2003). "In addition to evaluating whether a trial court's findings of fact are supported by substantial evidence, this Court must determine if the trial court's factual findings support its conclusions of law. *Id.* at 475, 586 S.E.2d at 254.

"In contempt proceedings the judge's findings of fact are conclusive on appeal when supported by any competent evidence and are reviewable only for the purpose of passing on their sufficiency to warrant the judgment." *Clark v. Clark*, 294 N.C. 554, 571, 243 S.E.2d 129, 139 (1978)).

### B. Motion for a Directed Verdict Treated as a Motion for Involuntary Dismissal

"A motion for directed verdict under Rule 50(a) of the Rules of Civil Procedure is appropriate when trial is held before a jury." *Neff v. Queen City Coach Co.*, 16 N.C. App. 466, 470, 192 S.E.2d 587, 590 (1972) (referring to N.C. Gen. Stat. § 1A-1, Rule 50(a) (2023)). In contrast, during a bench trial, where a judge sits in the fact-finding role, a Rule 41(b) motion is the proper mechanism "to dismiss on the ground that upon the facts and the law the plaintiff has shown no right to relief." *Hill v. Lassiter,* 135 N.C. App. 515, 517, 520 S.E.2d 797, 799 (1999) (citation and internal quotation marks omitted) (referencing N.C. Gen. Stat. § 1A-1, Rule 41(b) (2023)).

"The distinction is more than a mere formality, as a different test is to be applied to determine the sufficiency of the evidence to withstand the motion when the case is tried before the court and jury than when the court alone is the finder of facts." *Mashburn v. First Investors Corp.*, 102 N.C. App. 560, 562, 402 S.E.2d 860, 861 (1991). When a motion to dismiss under Rule 41(b) is incorrectly designated as one for a directed verdict, it may be treated as a motion for involuntary dismissal, *id.*, by this Court in order to "pass on the merits of [the] appeal[,]" *Neasham v. Day,* 34 N.C. App. 53, 54-55, 237 S.E.2d 287, 288 (1977).

"In a nonjury case after the plaintiff (or defendant, if the motion is directed against a counterclaim) has presented his evidence and rested his case, defendant may move under Rule 41(b) for a dismissal on the ground that upon the facts and the

law plaintiff has shown no right to relief." *Helms v. Rea,* 282 N.C. 610, 618, 194

S.E.2d 1, 6-7 (1973) (internal quotation omitted). In deciding a Rule 41(b) motion,

the trial judge "may decline to render any judgment until the close of all the evidence,

and except in the clearest cases, he should defer judgment until the close of all the

evidence." *In re Becker,* 111 N.C. App. 85, 92, 431 S.E.2d 820, 825 (1993).

If judgment is rendered on the merits of the Rule 41(b) motion, the trial court

"shall make findings [of fact] as provided in Rule 52(a)." *Helms*, 282 N.C. at 618, 194

S.E.2d at 7. Rule 52(a) requires the trial court to "find the facts specially and state

*separately* its conclusions of law thereon." N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2023)

(emphasis supplied); *Mashburn,* 102 N.C. App. at 562, 402 S.E.2d at 862.

Specific and detailed findings of fact relating to and supporting conclusions of

law made in deciding the Rule 41(b) motion are necessary to "afford this Court a clear

understanding of the basis of the trial court's decision." *In re Lowery,* 65 N.C. App.

320, 325-26, 309 S.E.2d 469, 473 (1983). Failure by the trial court to make findings

of fact is reversible error and necessitates a new trial. *Greensboro Masonic Temple

v. McMillan,* 142 N.C. App. 379, 382, 542 S.E.2d 676, 678 (2001) (citing *Hill*, 135 N.C.

App. 515, 520 S.E.2d 797; *Mashburn*, 102 N.C. App. 560, 402 S.E.2d 860; and *Young

v. Kuehne Chemical Co.*, Inc., 53 N.C. App. 806, 281 S.E.2d 742, *rev. denied*, 304 N.C.

590, 289 S.E.2d 566 (1981)).

In *Mashburn*, this Court examined a case procedurally similar to this case.

During a bench trial, the defendant made a motion for directed verdict, claiming its

rescission offer was statutorily valid, which was the grounds of plaintiff's suit. *Mashburn,* 102 N.C. App. at 561, 402 S.E.2d at 861. The trial court granted the directed verdict motion, finding only that "defendant First Investors tendered a valid rescission offer and[, t]herefore, plaintiff [was] barred from bringing suit." *Id.* at 561-62, 402 S.E.2d at 861-62.

On appeal, this Court held the trial court erred by granting defendant's directed verdict, because the appropriate motion was one for involuntary dismissal under Rule 41(b). *Id.* Even upon exercising discretion and considering the motion as one for involuntary dismissal, the Court found the judgment included nothing more than "bare conclusion[s]" and the trial court failed to make the mandated "separate findings of fact and conclusions of law." *Id.*

Here, the trial court improperly decided Plaintiff's Motion for Directed Verdict during a bench trial proceeding. The proper mechanism for dismissal would have been a Rule 41(b) Motion for Involuntary Dismissal. *Helms,* 282 N.C. at 618, 194 S.E.2d at 6-7. As the Court did in *Mashburn*, we examine Plaintiff's motion "as though it were made pursuant to Rule 41(b)." *Mashburn,* 102 N.C. App. at 562, 402 S.E.2d at 862.

### 1. *Modification of Custody Order*

Even considering Plaintiff's motion as one for involuntary dismissal, the trial court's ruling on Defendant's Motion to Modify Custody was based on insufficient findings of fact. The trial court provided the following oral ruling on Plaintiff's

motion: "[H]aving seriously considered the arguments by both counsel in reviewing the evidence, the Court finds that Defendant has failed to meet his burden of a substantial change of circumstances impacting the minor children's best interest. The Court grants the motion to dismiss." The trial court's written order contained the following: "While there was evidence of a change of circumstances, the Court found that there was no nexus between a substantial change in circumstances and the welfare of the minor child as required by North Carolina law."

Neither the trial court's oral ruling on Plaintiff's motion, nor the written Order on Plaintiff's motion, supplies sufficient findings of fact to support the conclusions of law. The trial court's rulings offered nothing more than a bare conclusion Defendant had purportedly failed to meet the burden showing a substantial change in circumstances had occurred. Treating Plaintiff's motion as a Rule 41(b) motion, the trial court was required to "make findings [of fact] as provided in Rule 52(a)[,]" *Helms*, 282 N.C. at 618, 194 S.E.2d at 7, and to "find the facts specially and state *separately* its conclusions of law thereon[,]" N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2023) (emphasis supplied). The trial court's failure to make detailed findings of fact is reversible error and necessitates a new trial. *Greensboro Masonic Temple,* 142 N.C. App. at 382, 542 S.E.2d at 678; *Mashburn*, 102 N.C. App. 560, 402 S.E.2d 860.

### *2. Contempt*

The trial court similarly failed to make specific findings to support its decision to dismiss subparts (h), (i), and (j) of Defendant's MOTSC. The trial court concluded:

"Plaintiff's Motion for Directed Verdict is meritorious and should be granted as it relates to the Motion to Modify Custody and paragraph 2(h), (i), and (j) of the Motion for Contempt and Motion for Order to Show Cause filed on November 21, 2023." While the trial court's "findings of fact are conclusive on appeal when supported by any competent evidence," the trial court failed to make any findings of fact related to any purported contempt, or lack thereof, by Plaintiff. *Clark*, 294 N.C. at 571, 243 S.E.2d at 139.

As explained above, treating Plaintiff's motion as a Rule 41(b) motion, the trial court was required to make specific findings of fact and to separately state its conclusions. N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2023); *Helms*, 282 N.C. at 618, 194 S.E.2d at 7. The trial court's failure to make detailed findings of fact on any purported contempt, or lack thereof, is reversible error, necessitating a new trial. *Greensboro Masonic Temple,* 142 N.C. App. at 382, 542 S.E.2d at 678; *Mashburn*, 102 N.C. App. 560, 402 S.E.2d 860.

## V.    Conclusion

Treating Plaintiff's motion as a Rule 41(b) motion, the trial court was required to "make findings [of fact] as [is] provided in Rule 52(a)[,]" *Helms*, 282 N.C. at 618, 194 S.E.2d at 7, and to "*find the facts specially and state separately its conclusions* of law thereon[,]" N.C. Gen. Stat. § 1A-1, Rule 52(a)(1) (2023) (emphasis supplied). We hold procedural and prejudicial errors occurred in the failure of the trial court to make sufficient and specific findings of fact to support its conclusions of law.

We vacate the Order dismissing Defendant's Motion to Modify Child Custody and Subparts 2(h), 2(i), and 2(j) of Defendant's MOTSC and remand for further proceedings not inconsistent with this opinion and precedents. *It is so ordered.*

VACATED AND REMANDED.

Judges ZACHARY and ARROWOOD concur.